JOHN G. SHIELDS, APPELLANT, *v.* ISAAC THOMAS AND OTHERS.

Where a bill was filed by several distributees of an estate, to compel the payment of money alleged to be due to them, and a decree was rendered in their favor, this court has jurisdiction over an appeal, although the amount payable to each individual claimant was less than two thousand dollars.

The aggregate amount which the defendant was decreed to pay, was more than two thousand dollars; and as to him, this is the matter in dispute.

The complainants all claimed under the same title; and it was of no consequence to the defendant in what proportions they shared the money amongst them.

The cases upon this point examined.

THIS was an appeal from the district court of the United States for the northern district of Iowa.

*Mr. Platt Smith* moved to dismiss the appeal for want of jurisdiction, as the amount of none of the several decrees was for $2,000, and referred to the case of Oliver et al. *v.* Alexander et al. 6 Peters, 143.

The motion was opposed by *Mr. Gillett.*

Mr. Chief Justice TANEY delivered the opinion of the court.

This is an appeal from the decree of the district court of the United States, exercising the powers of a circuit court for the district of Iowa. A motion has been made on behalf of

Isaac Thomas, one of the appellees, to dismiss it upon the ground that the sum in controversy with him is less than two thousand dollars.

The facts in the case may be stated in a few words, so far as they are material to the decision of the motion.

John Goldsberry, of Kentucky, died intestate, leaving a large personal estate, to which the present appellees, together with other persons named in the proceedings, were entitled as his legal representatives, in the proportions set out in the proceedings. The widow of Goldsberry obtained letters of administration on his estate, and afterwards intermarried with Shields, the appellant, who thereby obtained possession of the property of the deceased.

The representatives of John Goldsberry, (of whom Isaac Thomas, in right of his wife, is one,) filed a bill in the chancery court of Kentucky, against Shields, charging that he had converted to his own use a large amount of the property, to which these representatives were entitled. And in that proceeding they obtained a decree against him for a large sum of money, the shares of the respective complainants being apportioned to them in the decree; and the appellant was directed to pay to each the specific sum to which he was entitled, as his proportion of the property misappropriated by Shields.

The appellant (Shields) lived in Iowa when this decree was made; and the present appellees, who are a portion of the representatives of John Goldsberry, united in the bill in equity now before us, to enforce the decree of the Kentucky court, and praying that Shields might be compelled to pay to them respectively the several sums decreed in their favor in the proceedings in Kentucky; and they obtained the decree in question, according to the prayer of their bill.

The whole amount recovered against Shields, in the proceeding in Iowa, exceeds two thousand dollars. But the sum allotted to each representative, who joined in the bill, was less. And the motion is made to dismiss, upon the ground that the sum due to each complainant is severally and specifically decreed to him; and that the amount thus decreed, is the sum in controversy between each representative and the appellant, and not the whole amount for which he has been held liable. And if this view of the matter in controversy be correct, the sum is undoubtedly below the jurisdiction of the court, and the appeal must be dismissed.

But the court think the matter in controversy, in the Kentucky court, was the sum due to the representatives of the deceased collectively; and not the particular sum to which each was entitled, when the amount due was distributed among them,

according to the laws of the State. They all claimed under one and the same title. They had a common and undivided interest in the claim; and it was perfectly immaterial to the appellant, how it was to be shared among them. He had no controversy with either of them on that point; and if there was any difficulty as to the proportions in which they were to share, the dispute was among themselves, and not with him.

It is like a contract with several to pay a sum of money. It may be that the money, when recovered, is to be divided between them in equal or unequal proportions. Yet, if a controversy arises on the contract, and the sum in dispute upon it exceeds two thousand dollars, an appeal would clearly lie to this court, although the interest of each individual was less than that sum.

This being the controversy in Kentucky, the decree of that court, apportioning the sum recovered among the several representatives, does not alter its character when renewed in Iowa. So far as the appellant is concerned, the entire sum found due by the Kentucky court is in dispute. He disputes the validity of that decree, and denies his obligation to pay any part of the money. And if the appellees maintain their bill, he will be made liable to pay the whole amount decreed to them. This is the controversy on his part; and the amount exceeds two thousand dollars. We think the court, therefore, has jurisdiction on the appeal.

The cases referred to stand on different principles. The case of Oliver and others *v.* Alexander and others, 6 Pet. 143, was a suit for seamen's wages. And although the crew are allowed by law, (for the sake of convenience and to save costs,) to join in a suit for wages, yet the right of each seaman is separate and distinct from his associates. His contract is separate; and his recovery does not depend upon the recovery of others, but rests altogether on its own evidence and merits. And he does not recover a portion of a common fund to be distributed among the claimants, but the amount due to himself on his own separate contract.

The case of Rich and others *v.* Lambert and others, 12 How. 352, was decided on the same ground. The several shippers who owned the goods which had been damaged, had no common interest in the goods. The interest of each was separate; and his contract of affreightment separate. And the libel of each was upon his own contract with the ship-owner, and for his own individual and separate property.

The cases of Stratton *v.* Jarvis and Brown, 8 Pet. 8, and of Spear *v.* Place, 11 How. 525, were both salvage cases, where the property of each owner is chargeable with its own amount

1 *

of salvage. The salvage service is entire; but the goods of each owner are liable only for the salvage with which they are charged, and have no common liability for the amounts due from the ship or other portions of the cargo. It is a separate and distinct controversy between himself and the salvors, and not a common and undivided one, for which the property is jointly liable.

The cases relied on are therefore distinguishable from the one before us; and the motion to dismiss for want of jurisdiction must be overruled.

### *Order.*

On consideration of the motion made in this cause by *Mr. Smith,* on a prior day of the present term of this court, to wit, on Friday, the 19th instant, and of the arguments of counsel thereupon, had as well against as in support thereof, it is now here ordered by the court, that the said motion be, and the same is, hereby overruled.