## PAVING COMPANY *v.* MULFORD.

A bill filed in the Supreme Court of the District of Columbia by A. against B. and C., alleging that each held certificates of indebtedness belonging to him, was, on final hearing, dismissed, and he appealed. *Held*, that, as the recovery, if any, must be against the defendants severally, and as the amount claimed from each does not exceed $2,500, this court has no jurisdiction.

MOTION to dismiss an appeal from the Supreme Court of the District of Columbia.

The facts are stated in the opinion of the court.

*Mr. A. S. Worthington* in support of the motion.
*Mr. William A. Cook, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This was a suit in equity brought by the Ballard Paving Company against Michael Mandle and sundry persons who

claimed to have purchased from him certain certificates of the Auditor of the Board of Public Works of the District of Columbia, which it was alleged were the property of the company. Mulford and Campbell, the appellees, were two of the defendants, but they were proceeded against as holders of separate and distinct certificates. Their liability as set forth in the bill was several only. There was no pretence of a joint obligation, and it is conceded that in no event could there be a recovery against either of them separately for more than $2,500. On the hearing, the bill was dismissed as to these defendants, and the paving company has appealed.

We think it clear that we have no jurisdiction in this case. Although many defendants have been brought into the suit, the proceeding is, in fact, against each of the several purchasers to enforce his separate and distinct liability. It is a joinder of distinct causes of action against distinct parties. The same decree is to be entered against each as in case of separate suits. The recovery, if any, must be against each defendant separately for the amount he may personally be found accountable. Such being the case, the value of the matter in dispute with each defendant must be the sum for which he is separately liable. It is well settled that neither co-defendants nor co-complainants can unite their separate and distinct interests for the purpose of making up the amount necessary to give us jurisdiction on an appeal. *Seaver* v. *Bigelows*, 5 Wall. 208; *Rich* v. *Lambert*, 12 How. 347; *Oliver* v. *Alexander*, 6 Pet. 143; *Stratton* v. *Jarvis*, 8 id. 41. In such cases, the appeal of each separate defendant or complainant must stand or fall according as his own interest in the controversy exceeds or falls short of our jurisdictional amount. The same principle applies here. For the purposes of an appeal, each separate controversy must be treated as a separate suit. Under this appeal, two separate controversies have been brought here, and in neither is the amount involved sufficient to give us jurisdiction.

*Appeal dismissed.*