## EX PARTE BALTIMORE AND OHIO RAILROAD COMPANY.

An appeal will not lie from a decree of the Circuit Court, which adjudged to none of the libellants in a collision suit, who had distinct causes of action against the vessel at fault, a sum exceeding $5,000.

PETITION for *mandamus*.

A collision occurred in the harbor of Baltimore, Maryland, between the steamer " Knickerbocker," owned by the Baltimore and Ohio Railroad Company, and the barge " J. J. Munger," owned by Jeannette Maxon. The barge was loaded with grain belonging to the partnership firm of J. & C. Moore & Co. Both the barge and her cargo were injured in the collision, and the owner of the barge united with the owners of the cargo in a libel against the steamer to recover the damages they had respectively sustained. The suit thus begun terminated in a decree in the Circuit Court for the District of Maryland in favor of the owner of the barge for $1,471.20, and in favor of the owners of the cargo for $3,709.13. The railroad company, as the claimant of the steamer, prayed an appeal to this court, which was refused by the Circuit Court on the ground that the value of the matter in dispute between the steamer and the respective libellants was less than $5,000. The company now asks a *mandamus* from this court requiring the Circuit Court to allow an appeal.

*Mr. Eben J. D. Cross* for the petitioner.

*Mr. John H. Thomas,* contra.

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

It is impossible to distinguish this case in principle from *Oliver v. Alexander*, 6 Pet. 143; *Stratton v. Jarvis*, 8 id. 4; *Spear v. Place*, 11 How. 522; and *Rich v. Lambert*, 12 id. 347, under which, for half a century, it has been held that when in admiralty distinct causes of action in favor of distinct parties, growing out of the same transaction, are united in one suit, according to the practice of the courts of that jurisdiction, distinct decrees in favor of or against distinct parties cannot be

joined to give this court jurisdiction on appeal. In *Seaver* v. *Bigelows*, 5 Wall. 208; *Paving Company* v. *Mulford*, 100 U. S. 147; and *Russell* v. *Stansell*, 105 id. 303, this rule was applied to analogous cases in equity.

The cases of *Shields* v. *Thomas*, 17 How. 3; *Market Company* v. *Hoffman*, 101 U. S. 112; and *The Connemara*, 103 id. 754, relied on in support of the present application, stand on an entirely different principle. There the controversies were about matters in which the several claimants were interested collectively under a common title. They each had an undivided interest in the claim, and it was perfectly immaterial to their adversaries how the recovery was shared among them. If a dispute arose about the division, it would be between the claimants themselves, and not with those against whom the claim was made. The distinction between the two classes of cases was clearly stated by Chief Justice Taney in *Shields* v. *Thomas*, and that case was held to be within the latter class. It may not always be easy to determine the class to which a particular case belongs, but the rule recognizing the existence of the two classes has long been established.

Neither is the case of *The Mamie*, 105 U. S. 773, an authority in support of this application. That was a suit by the owners of the pleasure-yacht "Mamie" to obtain the benefit of the act of Congress limiting the liability of vessel owners. Rev. Stat., sects. 4283 to 4289. The aggregate of the claims against the yacht was $65,000, but no single claim exceeded $5,000. The theory of the proceeding authorized by this act of Congress is, that the owner brings into court the fund which he says belongs to all who have claims against him or his vessel growing out of the loss, and surrenders it to them collectively in satisfaction of their demands. If he succeeds, all the claimants have a common interest in the fund thus created, and are entitled to have it divided between them in proportion to the amount of their respective claims. With this division the owner of the vessel has nothing to do. He surrenders the fund, and calls on all who have claims against him growing out of the loss to come in and divide it among themselves. The controversy in the suit is not in respect to his liability to the different parties in interest, but as to his right to surrender the

fund and be discharged of all further liability.  His dispute is not with any one claimant separately, but with all collectively. He insists that his liability in the aggregate does not exceed the value of his interest in the vessel ; they, that he must pay all their several demands amount to.  He does not seek to have it determined how much he owes each one of them, but to what extent he is liable to them collectively.  The difference between what he admits his liability to be, and the aggregate amount of the demands against him, is the amount in dispute. In the case of *The Mamie* this difference was more than $5,000, and we consequently took jurisdiction.

It follows that the Circuit Court properly refused to allow the appeal, and the petition for a *mandamus* is therefore

*Denied.*