## TUPPER & Another *v.* WISE.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF CALIFORNIA.

Submitted January 28th, 1884.—Decided February 4th, 1884.

### *Jurisdiction.*

Distinct judgments in favor of or against distinct parties, though in the same record, cannot be joined to give this court jurisdiction.

Motion to dismiss, with which is united a motion to affirm.

*Mr. Henry Beard* and *Mr. Charles H. Armes* for the motion.

No brief filed *contra.*

Mr. Chief Justice Waite delivered the opinion of the court.

This was a suit brought by Wise, the defendant in error, against the plaintiffs in error and others to recover the possession of sec. 21, T. 3 N., R. 8 E., Mount Diablo base and meridian, containing 640 acres of land. Tupper answered, denying that he was in possession of any part of the section except the N. E. ¼, and to that he set up a pre-emption claim and settlement. Lenfesty made the same answer and claim as to the S. E. ¼. There was no joint ownership or joint possession. Each defendant claimed a separate and distinct interest in a separate and distinct part of the land. The jury found that the "defendants were each severally in the wrongful possession of the lands respectively described in their several answers and no others, and that the value of the rents and profits of the lands so held and possessed by defendant Tupper is $100, of the land so held and possessed by defendant Lenfesty $100, and that the value of each one of said tracts of 160 acres is $3,000, and of the two of them $6,000." Judgment was thereupon rendered against Tupper for the possession of his tract and $100 damages, and against Lenfesty in the same way. Tupper and Lenfesty then sued out this writ of error, which Wise moves to dismiss, because the claims of the several plaintiffs in error are separate and distinct, and the value of the matter in dispute with either of them does not exceed $5,000.

This motion is granted. The rule is well settled that distinct judgments in favor of or against distinct parties, though in the same record, cannot be joined to give this court jurisdiction. The whole subject was fully considered at the last term in *Ex parte Baltimore & Ohio Railroad Company,* 106 U. S. 5; *Farmers' Loan & Trust Company* v. *Waterman,* id. 265; *Adams* v. *Crittenden,* id. 576; *Schwed* v. *Smith,* id. 188. The stipulation as to the value of the property which is found in the record cannot alter the case, for it states that the aggregate value of

the two quarter sections exceeds $5,100, and the verdict fixes the value of each quarter at $3,000.

*Dismissed.*

*Lynch & Another v. Bailey & Another.* This, like the case of *Tupper* v. *Wise,* just decided, was a suit to recover the possession of a whole section of land. Each of the plaintiffs in error was in possession of a separate quarter-section under a pre-emption claim. Their defences were separate and distinct, and the recovery against each was for the land that he separately claimed and occupied. The value of the recovery from either of the defendants does not exceed five thousand dollars, though the aggregate against all is more.

The motion to dismiss is granted for the reasons stated in the other case.