## TUPIÑO *v.* LA COMPANIA GENERAL DE TABACOS DE FILIPINAS.

ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 148. Argued April 14, 15, 1909.—Decided May 24, 1909.

Distinct judgments in favor of or against distinct parties, though in the same record, cannot be joined to give this court jurisdiction.

While in case of joint entry and ouster, where the answer of all defendants takes issue without setting up separate claims to distinct parcels, and the judgment for recovery of possession is against all defendants jointly, the measure of appellate jurisdiction is the value of the whole land, *Friend* v. *Wise,* 111 U. S. 797, where there is no allegation of joint ownership or joint possession, and the controversy with each defendant relates to a separate and distinct parcel, and judgment is rendered separately, the measure as to each defendant is the value of his separate parcel. *Tupper* v. *Wise,* 110 U. S. 398. Nor does this court have jurisdiction in such a case if the judgment

were jointly against the defendants for damages where the total amount awarded is less than the jurisdictional amount.
Writ of error to review 2 Philippine, 142, dismissed.

THE facts are stated in the opinion.

*Mr. John C. Gittings*, with whom *Mr. William Steele Grey* and *Mr. Justin M. Chamberlain* were on the brief, for plaintiffs in error.

*Mr. Aldis B. Browne*, with whom *Mr. Alexander Britton, Mr. W. A. Kincaid* and *Mr. A. H. Blount* were on the brief, for defendant in error.

MR. JUSTICE MOODY delivered the opinion of the court.

The defendant in error brought this action for the recovery of certain lands, in the Court of First Instance of the Philippine Islands, against eighty-four persons, who are now the plaintiffs in error. The prayer of the complaint was for restoration of possession; for damages and an injunction against further disturbance of the plaintiff's right. The Court of First Instance rendered judgment for the plaintiff, awarding the relief prayed for, and the judgment was affirmed by the Supreme Court of the Philippine Islands. The case is now here upon writ of error, accompanied by a large number of assignments of error. The defendant in error has moved to dismiss the writ for lack of jurisdiction of this court to entertain it, and that motion must first receive consideration.

The jurisdiction of this court is rested by the plaintiffs in error solely upon the ground that the value of the real estate in controversy exceeds the sum of $25,000. Section 10 of act approved July 1, 1902, part 1, 32 Stat. 691, 695. The disposition of the motion to dismiss turns upon the question whether, within the true meaning of the statute, land of the value of $25,000 was in controversy. In the solution of this question it is useful to examine the pleadings, the course of the trial and the judgment.

The company alleged itself to be the owner of lands known as the Hacienda de San Luis y la Concepcion, having certain defined boundaries and an area of some four thousand hectareas. The complaint further alleged "that the defendants above named, for more than one and less than six years ago, illegally seized and continued to hold certain portions of the said property," having an "area of four hundred and forty-six hectareas, seventy-nine areas and four centiareas as to the fields, and four hectareas, approximately, as to the lots on which their houses and warehouses are built, distributed among distinct and separate parcels, but all within the perimeter of the said estate above described, and for a better understanding thereof the following statement is given of the parcels held by each one of the defendants." There then follows eighty-four separate descriptions of the separate holdings of each of the defendants. The case of Miguel Tupiño is agreed upon by the parties as typical of the others, and the allegation with respect to him is, "Miguel Tupiño has a lot of six areas with a dwelling and two warehouses thereon, and two fields, containing four hectareas and fifty areas and two hectareas and twenty-five areas, respectively." Then follows an allegation that "the plaintiff has been damaged in the sum of nine thousand Mexican pesos by reason of the unlawful detention above described," and the complaint closes with the prayer before stated.

Each of the defendants filed separate answers. The answer of Tupiño may be taken as a type. In it he denies the title of the plaintiff and that it suffered the damages alleged; denies, specifically, that the plaintiff had a record title to the portion of the land described as possessed by him; denies that that portion of the land was situated within the boundaries of the Hacienda de San Luis y la Concepcion; denies that the plaintiff is the owner of the portion of the land described as possessed by the defendant or any part thereof, or that the plaintiff has ever been entitled to the possession thereof; denies that the plaintiff has any interest in the portion of the land

described as possessed by the defendant or ever has had any; denies that the defendant has unlawfully withheld from the plaintiff the portion of land described as possessed by the defendant.

In the opinion of the Judge of the Court of First Instance he describes the defense in part as being "That each and every one of them (the defendants) is the owner of the parcel of land occupied by him, because it has been cultivated and possessed by some of them for more than ten years and by all of them for more than one year."

After the Supreme Court of the Philippine Islands had rendered its judgment the defendants made a motion for a rehearing, in which they complained that the court had overlooked an assignment of error in assessing damages jointly against all the defendants, and said, in this connection, "inasmuch as each of said defendants is alleged by plaintiff, and found by the trial court, to be occupying a distinct and separate parcel of land, with no privity or community of interest with his codefendants, and each of said defendants has filed a separate answer for such distinct parcel and maintained a separate defense."

It is very clear, although the plaintiff claimed under a single title all the land occupied separately by the various defendants, that the action itself was not against the defendants as joint disseisors, but was an action against each of them separately as the holder of a distinct parcel or parcels of land. There was no allegation, in either the complaint or the answer, of joint ownership or joint possession or joint action of any kind. The proceeding, in effect, consisted of eighty-four separate and distinct actions against the eighty-four defendants. The complaint alleged that each defendant was in possession of a separate and distinct parcel of land described separately, however inadequately. The answer of each defendant, while denying in toto the title of the plaintiff, in other respects related solely to the tract of land alleged to be unlawfully held by that particular defendant. Undoubtedly, where a complaint al-

leges a joint entry and ouster, and the answer takes issue, without setting up separate claims to distinct parcels by the several defendants, and the judgment for the recovery of possession is against all the defendants jointly, then the measure of appellate jurisdiction is the value of the whole land. *Friend* v. *Wise*, 111 U. S. 797. But where the pleadings show that there was no allegation of joint ownership or joint possession, and that the controversy with each defendant related to a separate and distinct lot of land, and the judgment is rendered separately against the defendants, then the measure of jurisdiction on appeal or writ of error is not the value of the whole land, but the value of each part separately. *Tupper* v. *Wise*, 110 U. S. 398, where it was said: "The rule is well settled that distinct judgments in favor of or against distinct parties, though in the same record, cannot be joined to give this court jurisdiction."

We think that the case at bar falls within the rule of *Tupper* v. *Wise*. It appears in point of fact that the value of the whole land, which the plaintiff sought to recover in separate parcels from the eighty-four defendants exceeds $25,000. But it also appears that the value of the land in controversy with any one of the defendants is far less than $25,000.

Stopping at this point, it would follow that the writ of error should be dismissed. But the form of the judgment in this case is peculiar and must receive consideration before the motion to dismiss is finally disposed of. The judgment of the Supreme Court of the Philippine Islands simply affirmed the judgment of the Court of First Instance. In that court, as there was no formal judgment, the terms of it must be gathered from the opinion of the Judge. The opinion concludes as follows:

"I decide; First, that the Compañia General de Tabacos de Filipinas shall be restored by the sheriff or by any of his deputies, to the possession of the hacienda San Luis y la Concepcion by giving possession thereof to D. Miguel Macias y Toro, or any other person lawfully representing the said com-

pany. . . . Third, that both the present defendants as, well as those declared in default, be required to immediately vacate the said hacienda or be evicted therefrom, together with their houses and warehouses. Fourth, that the preliminary injunction issued on the 15th of November last, and modified on the third inst., be regarded as perpetual from this date, and the injunction bond of $10,000 given is to be cancelled after the proper legal formalities. The tobacco in the hands of the receiver will be delivered to the Compañia General, and the bond given by the receiver cancelled, after rendition by him of the accounts of his receivership. Fifth, and last, that the defendants present, and those in default, pay the costs and damages in the sum of nine thousand Mexican pesos; and finally, that the said defendants are enjoined absolutely from performing any act hereafter tending in the slightest degree to disturb the possession by the Compañia General of the lands comprised within the hacienda of San Luis y la Concepcion. So ordered."

If this language is to be taken as expressing the judgment of the court, it certainly has some tendency to show that the judgment for the restoration of the lands was a joint one against all the defendants. But we are not inclined to scrutinize too strictly the language of a learned Judge trained in another system of jurisprudence than our own, and in view of the separate issues clearly made by the pleadings and the prayer of the complaint that the plaintiff be restored "to the possession of the various parcels of the said estate above indicated, after the eviction or expulsion therefrom of all the defendants, including the houses and warehouses which they have erected thereon," we construe this judgment to run separately against each defendant for that part of the land of which he was alleged and found to be in possession. It was so treated by the Judge of the Supreme Court of the Philippine Islands, in refusing to allow a writ of error. The judgment for damages appears to be, so far as we can see, a joint judgment against all the defendants. But even the whole amount

of the damages, 9,000 Mexican pesos, added to the value of the land in controversy with any of the defendants, does not make a sum exceeding $25,000. We think, therefore, that the writ of error must be dismissed.

It may not be improper to say that if we had jurisdiction on this writ of error we should find grave difficulty in sustaining the joint judgment for damages against all the defendants, if, indeed, we have properly construed it to be joint. But we have no such jurisdiction, and therefore refrain from deciding that point. Doubtless, if there is anything in it, some way may be found, by application to the Supreme Court of the Philippine Islands, to correct the error, if any exists.

*Writ of error dismissed.*