J. F. Singer *et al. v.* W. H. Singer *et al.*

(*Nashville.*  December Term, 1909.)

SUPREME COURT JURISDICTION.  Where each of several claimants sue individually in chancery for separate sums less than one thousand dollars, but the aggregate of which exceeds that amount, the court of civil appeals, and not the supreme court, has appellate jurisdiction.

Where the attorneys for the contestant in a will contest in the circuit court, after procuring the will to be set aside, filed their several petitions in a suit pending in the chancery court involving the administration of the estate of the then intestate whose will was set aside, for the purpose of subjecting the interest of said contestant in the estate of said intestate to the payment of their fees, the amount of which claimed by each attorney individually was less than one thousand dollars, but the aggregate amount of the fees claimed by all exceeded that sum, whereupon their several petitions, for convenience and to save expense, were consolidated in the chancery court and heard together, and a decree was pronounced in favor of each attorney, respectively, for a sum less than that claimed by him, from which decree each of said attorneys severally prayed and prosecuted an appeal to the supreme court, the appellate jurisdiction of the supreme court should be determined by the individual controversies, and by the amount each claims the right to recover, and under the statute (Acts 1907, ch. 82) creating the court of civil appeals and (by section 7 thereof) conferring upon that court appellate jurisdiction of all chancery cases involving money recoveries, except where the amount involved in controversy, exclusive of costs, exceeds one thousand dollars, the court of civil appeals, and not the supreme court, has jurisdiction of the said appeals.

Acts cited and construed: Acts 1907, ch. 82, sec. 7.

Singer v. Singer.

Cases cited and approved: Seaver v. Bigelow, 5 Wall., 208; Paving Co. v. Mulford, 100 U. S., 147; Russell v. Stansell, 105 U. S., 303; Railroad, In re, 106 U. S., 5 (and citations); Loan & Trust Co. v. Waterman, 106 U. S., 265; Hawley v. United States, ex rel., 108 U. S., 556; Tupper v. Wise, 110 U. S., 398; Bank v. Stout, 113 U. S., 684; Henderson v. Wadsworth, 115 U. S., 264; Tupino v. Compania General de Tabacos, 214 U. S., 268; Farwell v. Becker, 129 Ill., 261; Spangler v. Green, 21 Colo., 505.

Cases cited and distinguished: Market Co. v. Hoffman, 101 U. S., 112; Davies v. Corbin, 112 U. S., 36; Railroad v. Parker, 143 U. S., 42; Overby v. Gordon, 177 U. S., 214; McDaniel v. Traylor, 196 U. S., 415; Morgan v. Adams, 211 U. S., 627.

---

FROM DAVIDSON.

---

Appeal from the Chancery Court of Davidson County.—JOHN ALLISON, Chancellor.

W. D. COVINGTON, W. G. BRIEN, W. S. NOBLE, FRANK SLEMONS, and R. L. KENNEDY, for petitioners and appellants.

NOAH W. COOPER, for appellees.

---

MR. JUSTICE M'ALISTER delivered the opinion of the Court.

This cause was before the court on a former day of the term, and was dismissed for want of jurisdiction. We have been presented with a very earnest petition to rehear the case.

Singer v. Singer.

The action of the court in dismissing the appeal was based on the ground that the jurisdictional amount involved was less than $1,000, and that the appeal should have been prosecuted to the court of civil appeals.

Section 7 of the act creating the court of civil appeals (Acts 1907, c. 82) provides:

"That the jurisdiction of said court of civil appeals shall be appellate only, and shall extend to all cases brought up from courts of equity or chancery courts, except cases in which the amount involved, exclusive of costs, exceeds one thousand dollars."

The appellants were petitioners in the suit of *J. F. Singer et al.* v. *W. H. Singer et al.*, pending in the chancery court of Davidson county, and involving the administration of the estate of Mrs. Christine Singer, deceased.

Mrs. Singer died in Davidson county in 1905, leaving a will, in which the complainant, J. F. Singer, was the sole legatee and devisee.

The other children, W. H. Singer and a daughter, Mrs. Harding, contested the will of their mother, Mrs. Christine Singer, in a suit commenced in the circuit court of Davidson county. W. H. Singer employed several lawyers in the prosecution of that suit, with whom he had specific contracts. He contracted in writing to pay Mr. Jno. L. Nolen twenty per cent of any recovery in the case, Mr. James S. Pilcher twenty-five per cent, and to Mr. W. H. Cooper he agreed to pay

122 Tenn—43

$500, and he declared a lien on any amount he might recover in favor of said attorneys for their respective fees.

Such proceedings were had in the will contest, that the will was set aside. Petitions were then filed by the several attorneys in the suit pending in the chancery court for the administration of the estate of Mrs. Christine Singer, for the purpose of subjecting the interest of W. H. Singer in the estate of his mother to the payment of their fees. The interest of W. H. Singer in his mother's estate amounted to about $4,000.

A reference was ordered to the master to take proof and report the amount due the several petitioners on account of fees.

The master, on proof offered, reported the following amounts as reasonable compensation for said counsel:

J. S. Pilcher ............................$350.00
John L. Nolen ........................... 500.00
W. H. Cooper ............................ 150.00

Exceptions were filed by all parties to the report, which were overruled, and the report was confirmed by the chancellor, whereupon each party appealed to to this court, and has assigned errors.

It is insisted on behalf of the administrator of John L. Nolen that he is entitled to a recovery of at least $800, being twenty per cent of the interest of W. H. Singer in his mother's estate. Mr. James S. Pilcher claims a fee of $600, and Mr. W. H. Cooper a fee of $500.

It will be observed that the amount claimed by each party individually is less than $1,000, but the aggregate amount of the fees claimed would exceed that amount.

The several petitions were consolidated in the court below and heard together, and a decree pronounced in favor of each attorney for the amount allowed by the clerk and master, and the receiver was directed to pay said amounts out of any funds in his hands belonging to the said W. H. Singer.

An appeal was prayed and prosecuted by each party severally from the decree of the chancellor to this court. It is earnestly insisted on behalf of appellants that this court has jurisdiction of the appeal for two reasons:

First. That the aggregate amount of petitioners' claims exceeds $1,000; and

Second. Said fees are chargeable on a fund in the chancery court amounting to $4,000.

In view of the earnest petition to rehear this case on the question of jurisdiction and the importance to the parties of having the matters in controversy settled as early as possible, we have not only examined the authorities cited in support of the petition to rehear on the question of jurisdiction, but likewise a large number of cases presenting analogous questions.

In *Seaver et al.* v. *Bigelow,* 5 Wall., 208, 18 L. Ed., 595, it appears that Seaver and others had filed a creditors' bill against the defendants, and a decree was entered dismissing the bill. On appeal to the supreme

court the question arose as to whether or not the supreme court had jurisdiction on account of the fact that none of the several complainants had a claim equal to $2,000, notwithstanding that the sum of the several claims was largely in excess of said sum of $2,000. The court, speaking through Mr. Justice Nelson, said in part as follows:

"The judgment creditors who have joined in this bill have separate and distinct interests, depending upon separate and distinct judgments. In no event could the sum in dispute of either party exceed the amount of their judgment, which is less than $2,000. The bill being dismissed, each fails in obtaining payment of his demands. If it had been sustained, and a decree rendered in their favor, it would only have been for the amount of the judgment of each. . . .

"It is true the litigation involves a common fund, which exceeds the sum of $2,000; but neither of the judgment creditors has any interest in it exceeding the amount of his judgment. Hence, to sustain an appeal in this class of cases, where separate and distinct interests are in dispute of an amount less than the statute requires, and where the joinder of parties is permitted by the mere indulgence of the court, for its convenience, and to save expense, would be giving a privilege to the parties not common to other litigants, and which is forbidden by law."

In *Ballard Paving Co. et al.* v. *Mulford et al.*, 100 U. S., 147, 25 L. Ed., 591, it appeared that a bill in equity

was brought by the paving company against Mandle and many other persons, who claimed to be the purchasers "from Mandle of certain certificates of the auditor of the board of public works of the District of Columbia, which it was alleged were the property of the paving company."

Mr. Chief Justice Waite, delivering the opinion of the court, said:

"Mulford and Campbell, the appellees, were two of the defendants, but they were proceeded against as holders of separate and distinct certificates. Their liability as set forth in the bill was several only. There was no pretense of a joint obligation, and it is conceded that in no event could there be a recovery against either of them separately for more than $2,500.

"We think it clear that we have no jurisdiction in this case. Although many defendants have been brought into this suit, the proceeding is, in fact, against each of the several purchasers to enforce his separate and distinct liability. It is a joinder of distinct causes of action against distinct parties. The same decree is to be entered against each as in the case of separate suits. The recovery, if any, must be against each defendant separately for the amount he may personally be found accountable. Such being the case, the value of the amount in dispute with each defendant must be the sum for which he is separately liable. It is well settled that neither codefendants nor cocomplainants can unite their separate and distinct interests for the purpose of mak-

ing up the amount necessary to give us jurisdiction on an appeal. . . . In such cases the appeal of each separate defendant or complainant must stand or fall according as his own interest in the controversy exceeds or falls short of our jurisdictional amount. The same principle applies here. For the purposes of an appeal, each separate controversy must be treated as a separate suit. Under this appeal, two separate controversies have been brought here, and in neither is the amount involved sufficient to give us jurisdiction."

In *Russell* v. *Stansell*, 105 U. S., 303, 26 L. Ed., 989, it appeared that Stansell had obtained a decree against a certain levee board for $71,634.67, and, being unable to collect his decree, instituted proceedings to obtain an assessment and collection of the charge which was imposed on the lands in the district for the payment of said judgment. This assessment was accordingly made, and the landowners thereafter asked an injunction against the collection of the several assessments that had been made, alleging various reasons why they should be held illegal. No single individual could in any event be made liable for an amount exceeding $2,500. The injunction having been dissolved, this appeal was taken, and it is now moved to dismiss the same by reason of the fact that none of the parties would be charged with as much as $5,000.

Chief Justice Waite, delivering the opinion of the court granting the motion, said:

Singer v. Singer.

"While the appellants and those whom they have been chosen to represent are all interested in the question on which their liability to the appellee depends, they are separately charged with the several amounts assessed against them. There is no joint responsibility resting on them as a body. Proceeding on the part of the appellee was to require each of the several landowners in the levee district to pay his separate share of the debt that had been established against the district. The recovery was against each owner separately. While the appellants were permitted, for convenience and to save expense, to unite in a petition setting forth the grievances of which complaint was made, their object was to relieve each separate owner from the amount for which he personally or his property was found to be accountable. . . . It is clear that under the rulings . . ., such distinct and separate interests cannot be united for the purpose of making up the amount necessary to give us jurisdiction on appeal. Although the amount due the appellee from the levee district exceeds $5,000, his claim on the several owners of property is only for the sum assessed against them respectively."

In the *Matter of the Baltimore & Ohio Railroad Co.,* 106 U. S., 5, 1 Sup. Ct., 35, 27 L. Ed., 78, it appeared that there had been a collision between a steamer owned by the railroad company and a barge owned by one Maxon, which barge was loaded with grain owned by Moore & Co. Both the barge and the cargo were injured in the collision, and the owners of each united in a libel to

recover damages. Judgments were entered for each of them in amounts which aggregated more than $5,000, but neither of which was as much as $5,000. The railroad company, as owner of the steamer, sought to appeal.

Chief Justice Waite, in delivering the opinion of the court, said:

"It is impossible to distinguish this case in principle from *Oliver* v. *Alexander,* 6 Pet., 143 [8 L. Ed., 349]; and *Stratton* v. *Jarvis,* 8 Pet., 4 [8 L. Ed., 846]; *Spear* v. *Place,* 11 How., 522 [13 L. Ed., 796], and *Rich* v. *Lambert,* 12 How., 347 [13 L. Ed., 1017], under which, for half a century, it has been held that when, in admiralty, distinct causes of action in favor of distinct parties growing out of the same transaction, are united in one suit, according to the practice of the courts of that jurisdiction, distinct decrees in favor of or against distinct parties cannot be joined to give the court jurisdiction on appeal [citing cases].

"The case of *Shields* v. *Thomas,* 17 How., 4 [15 L. Ed., 93]; *Market Co.* v. *Hoffman,* 101 U. S., 112 [25 L. Ed., 782], and *The Connemara,* 103 U. S., 754 [26 L. Ed., 322], relied on in support of the present application, stand on an entirely different principle. There the controversies were about matters in which the several claimants were interested collectively under a common title. They each had an undivided interest in the claim, and it was perfectly immaterial to their adversaries how

the recovery was shared among them. If a dispute arose about the division, it would be between the claimants themselves, and not with those against whom the claim was made. The distinction between the two classes of cases was clearly stated by Chief Justice Taney in *Shields* v. *Thomas,* and that case was held to be within the latter class. It may not always be easy to determine the class to which a particular case belongs, but the rule recognizing the existence of the two classes has long been established."

In *Farmers' Loan & Trust Co.* v. *Waterman,* 106 U. S., 265, 1 Sup. Ct., 131, 27 L. Ed., 115, there had been a foreclosure suit against a certain railroad company, and in a decree the master was ordered to report all claims against said railroad. There were many of these claims, but of them only fourteen were for sums in excess of $5,000. Certain claims, being less than $5,000, were allowed by the court, and, on an appeal being taken by the trustee to the supreme court of the United States, a motion to dismiss for lack of jurisdiction was made. Chief Justice Waite again delivered the opinion of the court granting the motion, and among other things said:

"Our jurisdiction, therefore, depends on the case as it stands between the purchasing committee and the several back-pay claimants. As we have shown at the present term in *Ex parte Railroad Co.,* if distinct causes of action in favor of distinct parties, though growing out of the same transaction, are joined in one suit, and

distinct decrees are rendered in favor of the several parties, these decrees cannot be joined to give us jurisdiction; but if the controversy is about a matter in which several parties are interested collectively under a common title, and in the decree, after establishing the common right, a division is made among the claimants according to their respective interests, this separation of a decree into parts will not prevent an appeal.

"We are satisfied the present case comes under the first division of this rule. . . . A recovery by one claimant will not necessarily involve a recovery by another. While the rights of all depend on establishing a liability of the purchasers for the payment of debts of a particular kind, no one can recover unless he shows that there is owing to him individually a debt of that kind. There are, therefore, necessarily in the case as many separate and distinct controversies as there are claimants and interveners. The purchasers have the right to contest each claim separately. . . . The amount of the recovery by one is not affected in any manner by what is allowed to another. Clearly, therefore, distinct causes of action in favor of distinct parties have been joined in the same suit, and distinct decrees rendered in favor of the distinct parties."

In *Hawley* v. *United States, ex rel.,* 108 U. S., 556, 2 Sup. Ct., 846, 27 L. Ed., 820, certain owners of separate judgments against Lee county had joined in a *mandamus* against the tax assessor, requiring him to levy a tax sufficient to pay their several judgments, which writ was duly awarded, and the assessor appealed.

Singer v. Singer.

Said Chief Justice Waite:

"We are met at the outset with a motion of the defendants in error to dismiss the writ in this case on the ground that the several judgments proceeded upon below cannot be united to give us jurisdiction and the amount due on any one of them does not exceed $5,000. The rule is settled, as stated more than once, at the present term, that when distinct causes of action in favor of distinct parties are united in one suit, and distinct judgments are rendered for or against the several parties, their judgments cannot be joined to give us jurisdiction. . . . In the present case distinct causes of action in favor of distinct parties were united, for convenience and to save expense, in one suit, and distinct orders were made in favor of each one of the several judgment creditors. . . . In the present case the amount due relators, Fairbanks and Thomas, respectively, does not exceed $5,000. As to them, consequently, the writ must be dismissed."

In *Tupper* v. *Wise,* 110 U. S., 398, 4 Sup. Ct., 26, 28 L. Ed., 189, suit was brought by Wise against several persons to recover possession of certain lands. Tupper answered, denying that he was in possession of all the land described, but setting up claim to a small portion thereof. Another of the defendants made the same answer, but set up claim to another and different portion of the tract; each defendant claiming a separate and distinct interest in a separate and distinct part of the land. Judgment was rendered against each for that

part of the land which each claimed.   The value of
neither of these portions was as much as $5,000, but
together they aggregated more than that sum.   Chief
Justice Waite said as follows:

"This motion is granted.   The rule is well settled that
distinct judgments in favor of or against distinct par-
ties, though in the same record, cannot be joined to
give this court jurisdiction. . . .   The stipulation
as to the value of the property which is found in the
record cannot alter the case, for it states that the aggre-
gate value of the two quarter ,sections exceeds $5,100,
and the verdict fixes the value of each quarter at $3,-
000."

In *Fourth Nat. Bank of St. Louis* v. *Stout*, 113 U. S.,
684, 5 Sup. Ct., 695, 28 L. Ed., 1152, there was a suit
in equity by certain judgment creditors of a mill com-
pany to recover from the bank their *pro rata* share of
certain property of said company which was in the
hands of the bank.   The bank claimed said property by
virtue of a superior right, and upon the hearing decrees
were entered in favor of six of the creditors, the aggre-
gate of whose claims was in excess of $5,000, but no
one of which equaled said amount.   The bank appealed,
and on motion to dismiss Chief Justice Waite said:

"The appellees have separate and distinct decrees in
their favor, depending on separate and distinct claims.
If none of the other creditors had intervened, and the
decree had been rendered in favor of Stout, Mills, and
Temple alone, upon their bill as filed, in which they

sought to recover only their *pro rata* share of the assets of their debtor in the hands of the bank, it certainly could not be claimed that an appeal would lie if their recovery was for less than $5,000. The suit was instituted, not for the whole property in the hands of the bank, but only for the complainants' *pro rata* share. After the suit was begun the intervening creditors were allowed to come in each for his separate share of the assets. On their intervention the case stood precisely as it would if each creditor had brought a separate suit for his separate share of the fund. The decree in favor of the several creditors has precisely the same effect, for the purpose of an appeal, that it would if rendered in such separate suits."

In *Henderson* v. *Wadsworth,* 115 U. S., 264, 6 Sup. Ct., 140, 29 L. Ed., 377, the subject is again investigated at some length by Mr. Justice Wood, wherein he refers to the cases heretofore cited, and differentiates the cases of *Shields* v. *Thomas,* 17 How., 3, 15 L. Ed., 93; *Market* v. *Hoffman,* 101 U. S., 112, 25 L. Ed., 782; *The Connemara,* 103 U. S., 754, 26 L. Ed., 322; *The Mamie,* 105 U. S., 773, 26 L. Ed., 937, and *Davies* v. *Corbin,* 112 U. S., 36, 5 Sup. Ct., 4, 28 L. Ed., 627, some of which have been cited in the brief of appellants for the proposition that the two claims of Pilcher and Nolen may be added together for the purpose of conferring jurisdiction of this appeal upon this court. In addition to the cases above referred to, the opinion of Mr. Justice Brown, in the case of *New Orleans Pac. Railway Co.* v.

*Parker,* 143 U. S., 42, 12 Sup. Ct., 364, 36 L. Ed., 66, contains an interesting review of some of the cases heretofore referred to, where it was again held that "if several plaintiffs claim under the same title, and the determination of the cause necessarily involves the validity of that title, this court has jurisdiction as to all such plaintiffs, though the individual claims of none of them exceed $5,000."

The cases of *Overby* v. *Gordon,* 177 U. S., 214, 20 Sup. Ct., 603, 44 L. Ed., 741, and *McDaniel* v. *Traylor,* 196 U. S., 415, 25 Sup. Ct., 369, 49 L. Ed., 533, furnish later illustrations of that class of cases where separate claims each under $5,000, may be joined for the purpose of conferring jurisdiction upon the supreme court of the United States, on the ground that each of several said joined claimants derives his title from the same source; an adjudication as to one being necessarily an adjudication as to all.

The first of said last-named cases was a will contest, had in the District of Columbia, relative to certain personal property of the decedent of the value of about $10,000, all of which was situated in the District of Columbia. The controversy having been decided against the contestants in said proceeding, they appealed to the supreme court of the United States, where a motion to dismiss was made upon the ground that no one of the appellants had an interest in said estate that was as much as $5,000. Mr. Justice White, speaking for the court, said:

"In the case at bar, the contestants below sought, not an allotment to them of their interest, if any, in the estate, but an adjudication that the alleged last will and testament possessed no validity, and that contention was advanced by virtue of a claim of common title in the interest of kin of the decedent to the *corpus;* such title, if any, being derived from the law of the alleged domicile of the deceased. In this aspect the amount of the estate was the matter in dispute. . . . There is, therefore, no merit in the objection to the exercise of jurisdiction."

A like conclusion was reached in *McDaniel* v. *Traylor,* supra, in a lengthy opinion delivered by Mr. Justice Harlan.

The case of *Morgan* v. *Adams,* 211 U. S., 627, 29 Sup. Ct., 213, 53 L. Ed., 362, was also a case in which it was held that, on appeal from a judgment, the validity of a certain will, the matter in dispute was the aggregate value of the alleged legacies in favor of the appellants.

The case of *Tupino* v. *Compania General de Tabacos,* 214 U. S., 268, 29 Sup. Ct., 610, 53 L. Ed., 992, is the latest case wherein this question is discussed by the supreme court of the United States. In that case suit was instituted for the recovery of certain lands by the defendant in error against some 84 persons. The defendants did not claim, nor was it alleged, that they were joint tenants of the entire premises; but the allegation was that each one of said defendants claimed to be the separate owner of a distinct piece of the land

sued for. The aggregate value of all the pieces of land was in excess of the jurisdictional amount, to wit, $25,-000; but no single one of said parcels equaled that amount. Judgment was entered in favor of the plaintiff, and the several defendants appealed to the supreme court of the United States, where motions to dismiss were made upon the ground that the matter in dispute did not equal $25,000. Among other things Mr. Justice Moody said as follows:

"It is very clear, although the plaintiff claimed under a single title all the land occupied separately by the various defendants, that the action itself was not against the defendants as joint disseisors, but was an action against each of them separately as the holder of a distinct parcel or parcels of land. There was no allegation, in either the complaint or the answer, of joint ownership or joint possession, or joint action of any kind. The proceeding in effect consisted of eighty-four separate and distinct actions against the eighty-four defendants. The complaint alleged, that each defendant was in possession of a separate and distinct parcel of land, described separately, however inadequately. The answer of each defendant, while denying *in toto* the title of the plaintiff, in other respects related solely to the tract of land alleged to be unlawfully held by that particular defendant. . . . But where the pleadings show that there was no allegation of joint ownership or joint possession, and that the controversy with each defendant related to a separate and distinct lot

of land, and the judgment is rendered separately against the defendants, then the measure of jurisdiction on appeal or writ of error is not the value of the whole land, but the value of each part separately. *Tupper* v. *Wise,* 110 U. S., 398 [4 Sup. Ct., 26], 28 L. Ed., 189, where it was said: 'The rule is well settled that distinct judgments in favor of or against distinct parties, though in the same record, cannot be joined to give this court jurisdiction.'

"We think that the case at bar falls within the rule of *Tupper* v. *Wise.* It appears in point of fact that the value of the whole land which the plaintiff sought to recover in separate parcels from the eighty-four defendants exceeds $25,000. But it appears that the value of the land in controversy with any one of the defendants is far less than $25,000."

In the case of *Farwell* v. *Becker,* 129 Ill., 261, 21 N. E., 792, 6 L. R. A., 400, 16 Am. St. Rep., 267, the facts were that Farwell Company, Becker, and Eisen & Co., were creditors of Olquist Bros., a firm which became insolvent and made certain stock transfers, which were claimed to be fraudulent, and against which certain attachment suits were brought. The goods so attached were sold, and realized enough to pay the claims of Farwell and Becker. Thereafter trespass suits were brought by the parties who purchased the goods from Olquist Bros., against the sheriffs who made the levies, and judgments were recovered, which judgments were

paid by Farwell & Co. They thereupon brought this bill to compel Becker and Shirk to contribute *pro rata* to the amount they had paid out. Decrees were entered, requiring Becker to pay something in excess of $5,000, and requiring Shirk to pay something over $500. Appeals were duly taken. Says the court:

"We think it is plain that this court has no jurisdiction, so far as the defendant Shirk is concerned. Although two parties were made defendants to the bill, the action is against each defendant to enforce a separate and distinct liability. The claim relied upon was separate as to each defendant, and so was the recovery. Shirk was in no manner connected with Becker as to the claim against him, nor was Becker in any manner liable as respects the claim against Shirk. Where the amount against each defendant is separate and distinct as is the case here, the two amounts cannot be united so as to confer jurisdiction, but each must be treated as a separate suit; but if the amount involved as to either one is not large enough to confer jurisdiction the appeal must fail."

In *Spangler* v. *Green*, 21 Colo., 505, 42 Pac., 674, 52 Am. St. Rep., 259, the court said:

"The objection interposed by appellees to the jurisdiction of this court to entertain the appeal must first be disposed of before considering the assignments of error. Section 1, p. 118, Sess. Laws 1891, provides that no appeal to the supreme court shall lie to review the final judgment of any inferior court unless the judg-

ment exceeds $2,500, exclusive of costs. . . . To warrant the assumption of jurisdiction, the amount of the judgment in a case like the one at bar, must be determined by the amount of the judgment in favor of each lien claimant, and not the aggregate amount of the several judgments; and, as neither of the several judgments here amounts to $2,500, jurisdiction on this ground does not attach."

The cases especially relied on by counsel for appellants are *Davies* v. *Corbin,* 112 U. S., 36, 5 Sup. Ct., 4, 28 L. Ed., 627, and *Washington Market Company* v. *James A. Hoffman,* 101 U. S., 112, 25 L. Ed., 782.

In *Davies* v. *Corbin,* supra, it was held that "in proceedings for a peremptory writ of *mandamus* to compel a tax collector to collect a tax which has been levied for the joint benefit of all the relators, and in which they have a common and undivided interest, the value of the matter in dispute is measured by the whole amount of the tax, and not by the separate parts into which it is to be divided when collected, and where the whole amount of tax is more than $5,000, the court has jurisdiction on writ of error."

In that case a motion was made to dismiss the writ of error on the ground that the value of the matter in dispute does not exceed $5,000, inasmuch as no one of the relators will be entitled to receive of the tax collected so much as $5,000, and no one single taxpayer will be required to pay that amount of tax.

The court said as follows: "They have a common interest in the tax, and it is perfectly immaterial to the

tax collector how it is divided among them. He has no controversy with. them on that point; and if there is any difficulty as to the proportions in which they are to share the proceeds of his collections, the dispute will be among themselves, and not with him. He cannot act upon separate instructions from the several creditors. His duty is to collect the tax for the benefit of all alike. A payment of the judgment of one creditor would not relieve him from his obligation to collect the whole tax. The object of the proceeding is, not to raise the sums due the relators, but to raise the whole tax of ten mills on the dollar. As the matter stands, each relator has the right to have the whole tax collected for the purpose of distribution among all the creditors. It is apparent, therefore, that the dispute is between the tax collector on one side and all the creditors on the other, as to his duty to collect the tax as a whole for division among them, after the collection is made, according to their several shares. . . . It is conceded that the amount of the tax is more than $5,000."

The case of *Washington Market* v. *Hoffman,* supra, involved the same principle as that announced in the last case; but it is obvious that they are wholly inapplicable to a case like the present, where each petitioner is seeking to recover a separate judgment for his individual fee, and where the amount claimed by each is less than $1,000. This is not the case where judgment creditors are asserting a common right to the whole of a specific fund, and where the jurisdiction of the court

is determined by the amount of the fund in controversy. The jurisdiction of this court must be determined in the present case by the individual controversies, and by the amount each claims the right to recover.

After a very careful examination of all the authorities accessible, we are of opinion this court is without jurisdiction, and our former decree, remanding this cause to the court of civil appeals, must be reaffirmed.