Eda STAMPS, Gary Stamps and Randy Stamps, a Minor, Represented herein by his father and next Friend, Gary Stamps, Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant,

Roy Gene McDOWELL, Third-Party Defendant.

No. FS–69–C–39.

United States District Court
W. D. Arkansas,
Fort Smith Division.

June 10, 1969.

Sexton & Wiggins, Fort Smith, Ark., for plaintiffs.

Dobbs, Pryor & Hubbard, Fort Smith, Ark., for defendant.

Shaw, Jones & Shaw, Fort Smith, Ark., for third-party defendant.

OPINION

WILLIAMS, District Judge.

This is a diversity action and defendant has filed a motion to dismiss for

lack of the requisite jurisdictional amount. The plaintiff, Eda Stamps, and her husband, Gary Stamps, and their minor son, Randy Stamps, seek to recover from the defendant under either one or both of two insurance policies issued by the defendant, providing uninsured automobile or motorist coverage [1] with limits in each policy of $10,000.00 for one person in each accident and $20,000.00 for two or more persons in each accident.

Eda Stamps, wife of Gary Stamps, and their son, Randy Stamps, were occupants of an automobile driven by Claude Hatley which collided with an automobile driven by Roy Gene McDowell, an alleged uninsured motorist; but, in fact, having liability coverage in the limited amount of $5,000.00 for one person in each accident and $10,000.00 for two or more persons in each accident.

■ One of the policies issued by the defendant was to Claude Hatley and the plaintiffs are within the definition of the term "insured" in that policy. The other policy was issued by the defendant to plaintiffs, Gary Stamps and Eda Stamps, and the plaintiff Randy Stamps is an "insured," as that term is defined in the policy. Each of the policies issued by the defendant contained the following provision with respect to uninsured motorist coverage:

"OTHER INSURANCE.

With respect to bodily injury to an insured while occupying an automobile not owned by a named insured under this coverage, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this coverage exceeds the sum of the applicable limits of liability of all other such insurance."

Thus the defendant contends that under either policy its coverage is limited to $10,000.00 for one person in each accident and $20,000.00 for two or more persons in each accident. Notwithstanding that it is conceded that the statutory penalty and attorney fee may be considered in determining the requisite jurisdictional amount, the defendant further contends that since the limit of recovery by any one person is $10,000.00, then the Court does not have jurisdiction as to the cause of action of either of the plaintiffs because the amount recoverable by either of them under the terms of the liability policy issued to the uninsured motorist must be deducted from the amount of coverage afforded each of the plaintiffs under the terms of either of the policies.

Each of the policies issued by the defendant provides:

"Any amount payable under this coverage because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by: (1) all sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury * * *."

■ Assuming, without deciding, that the terms of the policies, relating to other insurance, limit recovery by either of the plaintiffs to the sum of $10,000.00, the Court does not agree with the further contention of the defendant that the amount which each may recover is further limited to the extent of the coverage of the uninsured motorist under

---

1. Each of the policies defines an uninsured automobile as one which does not have coverage "in at least the amount specified by the financial responsibility law of the state in which the insured automobile is principally garaged." The financial responsibility law of the State of Arkansas, Ark.Stats. 75–1427, requires minimum coverage with respect to bodily injury of $10,000.00 for one person in any one accident and $20,000.00 for two or more persons in any one accident.

the insurance policy issued to him. The policy provisions relating to a reduction of any amounts payable under the policy, quoted supra, refer specifically to sums *paid*. Defendant does not claim that any amount has been paid. Therefore, the provision of the policy quoted is of no pertinence ·with respect to the issue of whether the requisite jurisdictional amount is here involved.

▮ There are other questions more disturbing to the Court. Each of the plaintiffs have separate causes of action and it is a general rule that their separate claims cannot be aggregated to give this court jurisdiction. Assuming that there is no ˙double coverage as to each of the plaintiffs, under any construction of the policy, the limit of recovery for all three of them is $20,000.00. Obviously each of them cannot have a certain claim for the recovery of $10,000.00 which when supplemented by some allowance of penalty and attorney fee would equal or exceed the requisite jurisdictional amount in diversity of citizenship actions. Moreover, with respect to the plaintiff, Gary Stamps, who was not an occupant of the car and whose cause of action is predicated upon alleged damages sustained by him arising out of bodily injuries to his wife, each of the policies contained the following pertinent provision:

"The company's limit of liability for all damages, including damages for care and loss of service, arising out of bodily injuries sustained by one person in any one accident, shall not exceed the amount specified by the financial responsibility law of the state in which this policy is issued for bodily injury to one person in any one accident."

Thus, it would appear that liability as to the claim of the plaintiff, Eda Stamps, for her own bodily injuries and the claim of her husband, Gary Stamps, for any damage sustained by him arising out of the bodily injuries to his wife, may be limited to the sum of $10,000.00. Considering the overall limitation of liability of $20,000.00, the Court then might not have jurisdiction of either of the causes of action of the plaintiffs, Eda Stamps and Gary Stamps, but would have jurisdiction of the cause of the plaintiff, Randy Stamps, their minor son.

In the case of Hedberg v. State Farm Mutual Automobile Insurance Company, 350 F.2d 924 (8th Cir. 1965) it appears that Hedberg was a local agent for four insurance companies under a written contract, in which contract it was provided that Hedberg should not engage in any practice competitive with or prejudicial to the best interest of the companies with whom he had contracted. The diversity action instituted by the four plaintiffs against the single defendant sought to recover certain personal property, the value of which the court found to be less than the requisite jurisdictional amount, but damages were also sought from the defendant for alleged violation of the previously stated provision of the contract. It appears that the damages to all of them was in excess of $10,000.00, but if broken down to the respective amounts of damages sustained by each of the plaintiffs, the amount of their separate claims was less than $10,000.00. The Court there said:

"Where there are multiple plaintiffs, as here, the standard is that pronounced in Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 40–41, 32 S. Ct. 9, 56 L.Ed. 81 (1911):

" 'When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.'

"Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817 (1916); Divi-

sion 525, Order of Ry. Conductors v. Gorman, 133 F.2d [273] 276 (8 Cir. 1943). Chief Judge Tuttle has recently stated the standard thusly: 'In other words, the obligation to the plaintiffs must be a joint one.' Eagle Star Ins. Co. v. Maltes, 313 F.2d 778, 781 (5 Cir. 1963).

"We feel that the interests of these plaintiffs asserted in this lawsuit meet the standard for collectivization of claims for jurisdictional purposes." Hedberg v. State Farm Mutual Automobile Ins. Co., 350 F.2d 930–931.

The Court also cited the case of Shields v. Thomas, 17 How. 3, 58 U.S. 3, 15 L. Ed. 93, in support of its conclusion. In that case the Court said:

"The whole amount recovered against Shields, in the proceeding in Iowa, exceeds two thousand dollars. But the sum allotted to each representative, who joined in the bill, was less. And the motion is made to dismiss, upon the ground that the sum due to each complainant is severally and specifically decreed to him; and that the amount thus decreed, is the sum in controversy between each representative and the appellant, and not the whole amount for which he has been held liable. And if this view of the matter in controversy be correct, the sum is undoubtedly below the jurisdiction of the court, and the appeal must be dismissed.

But the court think[s] the matter in controversy, in the Kentucky court, was the sum due to the representatives of the deceased collectively; and not the particular sum to which each was entitled, when the amount due was distributed among them, according to the laws of the state. They all claimed under one and the same title. They had a * common and undivided interest in the claim; and it was perfectly immaterial to the appellant, how it was to be shared among them. He had no controversy with either of them on that point; and if there was any difficulty as to the proportions in which they were to share, the dispute was among themselves, and not with him.

It is like a contract with several to pay a sum of money. It may be that the money, when recovered, is to be divided between them in equal or unequal proportions. Yet, if a controversy arises on the contract, and the sum in dispute upon it exceeds two thousand dollars, an appeal would clearly lie to this court, although the interest of each individual was less than that sum."

While each of the plaintiffs in the case under consideration has a separate cause of action against the defendant, the amount of recovery by each of them ultimately depends upon the rights of each of them, in view of the provisions of the policy limiting the amount of coverage where two or more parties who contracted with the defendant, or for whose benefit the contract was made, seek to recover under the contract. In such a situation the amount in controversy is not merely the separate amounts which each of the plaintiffs may recover, but the total amount provided by the policies concerning which each plaintiff has an indivisible interest.[2]

An order will be entered denying the defendant's motion to dismiss.

---

**2.** This conclusion is not meant to deny that the cause of action of each of the plaintiffs is several. Any one of them could have sued without either of the others. Indeed each of them could have filed separate suits in this court and had they done so a different question as to jurisdiction might be presented, concerning which the court is not called on here to decide.