STATE, *ex rel.* J. S. GILL *et al., v.* W. G. CORUM, County Judge, *et al.*

(*Knoxville.* September Term, 1910.)

1. **APPELLATE JURISDICTION. In** mandamus cases, and in all cases not expressly reserved to the supreme court, is conferred upon the court of civil appeals.

The statute (Acts 1907, ch. 82) creating the court of civil appeals confers upon that court direct appellate jurisdiction in mandamus cases, because no exception of mandamus cases is made in said statutes; for the appellate jurisdiction in all cases, not expressly reserved to the supreme court, is conferred upon the court of civil appeals. (*Post, p.* 396.)

Acts cited and·construed: Acts 1907, ch. 82.

2. **SAME. Same. Value of property is immaterial in determining appellate jurisdiction except when a direct money decree is sought.**

The supreme court has no jurisdiction of a direct appeal in a mandamus suit to compel a county to issue one hundred thousand dollars of its bonds, since the value of the property involving is immaterial for the purpose of determining the appellate jurisdiction, except in those cases wherein a direct money decree is sought as the object or purpose of the litigation. (*Post, p.* 396.)

Acts cited and construed: Acts 1907, ch. 82. ·

Case cited and approved: Chattanooga v. Railroad, 123 Tenn., 497, 499, 500.

3. **SAME. Not conferred on supreme court where a resolution of the quarterly county court not passed in pursuance of legislative authority is impeached as involving the constitutionality of a statute, when.**

The supreme court has no direct appellate jurisdiction in a mandamus suit to compel a county to issue its bonds upon the

State, ex rel., v. Corum.

theory that the quarterly court's rescinding its prior action, taken under express legislative authority, authorizing the issuance of the bonds, involving the constitutionality of a statute; for the resolution of rescission was not passed in pursuance of legislative authority, and cannot, therefore, be regarded as a statute of the State. (*Post, pp.* 397, 398.)

Cases cited, distinguished, and approved: Waterworks Co. v. Refining Co., 125 U. S., 18; Gaslight & Coke Co. v. Hamilton, 146 U. S., 258-266.

## FROM GRAINGER.

Appeal from the Chancery Court of Grainger County. HUGH G. KYLE, Chancellor.

GREEN & WEBB and SHIELDS, CATES & MOUNTCASTLE, for complainants.

M'CANLESS & COLEMAN and LUCKY, FOWLER & ANDREWS, for defendants.

MR. JUSTICE GREEN delivered the opinion of the Court.

This is a mandamus proceeding brought against certain officials of Grainger county in the chancery court to compel the issuance of $100,000 of the county's bonds. From a decree dismissing the petition, an appeal was taken to this court.

Of a mandamus procceding, as such, this court has no jurisdiction on appeal. No exception of mandamus cases is made in the act creating and defining the jurisdiction of the court of civil appeals. Appellate jurisdiction of such cases is therefore conferred by said act on that court, along with appellate jurisdiction of all other cases not expressly reserved by the act to this court.

The jurisdiction of this court is invoked here upon the theory that the issuance of $100,000 of bonds is involved in this litigation, and it is said that this is a chancery case, "in which the amount involved, exclusive of costs, exceeds $1000."

In the case of *Mayor and Alderman of Chattanooga* v. *Belt Railway et al.*, 123 Tenn., 497, 499, 500, 130 S. W., 840, the opinion in which was filed at this term, it was said:

"We have uniformly held, since the passage of the act referred to, that this provision applies only where the action is brought to recover a money judgment. . . . In short, the value of the property involved is immaterial for the purpose of determining jurisdiction, except in those cases wherein a direct money decree is sought as the end or purpose of the litigation."

Upon the authority of the above case, and the cases therein referred to, we must refuse to entertain this appeal, and an order will be entered transferring this cause to the court of civil appeals, for lack of jurisdiction here.

State, ex rel., v. Corum.

## ON REHEARING.

Mr. Justice Green delivered the opinion of the Court.

A petition for rehearing has been filed insisting that this court has jurisdiction of this appeal upon the theory that it is a case involving the constitutionality of a statute of Tennessee.

The suit involves the right of Grainger county to rescind by resolution of its quarterly court the action of that court at a previous term authorizing the issue of bonds in question. It is said that the county court is a "legislative body, a branch or arm of the legislature, and any legislative act of said county court, acting as a legislature, is a legislative act, and to that extent a statute of Tennessee;" that this is a suit to declare this action of the county court unconstitutional, as well as for a mandamus, and in that way the constitutionality of a statute of Tennessee is involved.

Our attention is called to the federal cases holding that "any enactment, from whatever sources originally, to which the State gives the force of a law, is a statute of said State, within the meaning of the statute relative to the jurisdiction of the federal courts." *New Orleans Waterworks Co.* v. *Louisiana Sugar Refining Co.,* 125 U. S., 18, 8 Sup. Ct., 741, 31 L. Ed., 607.

There are several cases to this effect, and the courts of the United States have taken jurisdiction of many cases in which it appeared that some municipal ordinance "to which the State gave the force of law" violated the constitutional provision against a law of the State impairing the obligation of a contract.

There is a qualification, however, running through all these cases, expressed thus by Mr. Justice Harlan:

"A municipal ordinance, not passed under supposed legislative authority, cannot be regarded as a law of the State, within the meaning of the constitutional prohibition against State laws impairing the obligation of contracts." *Hamilton Gaslight & Coke Co.* v. *City of Hamilton,* 146 U. S., 258-266, 13 Sup. Ct., 90, 36 L. Ed., 963-967, citing authorities.

It will be observed that the action of the county court of Grainger county, about which complaint is made, is not the first resolution authorizing the bond issue. That action of the county court was taken under express legislative authority, and had it tended to impair contractual obligations, under the federal cases, a constitutional question would doubtless have been raised thereby.

The complaint here made is of the subsequent action of the county court, of the resolution rescinding its former action. Appellant will hardly contend that this resolution of rescission was passed in pursuance of legislative authority. It was not, as a matter of course.

So we think this is not one of those "cases involving the constitutionality of the statutes of Tennessee," and adhere to our former conclusion that we are without jurisdiction herein.