N. G. MORRIS *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

(*Jackson.* April Term, 1911.)

1. **SUPREME COURT JURISDICTION. No direct appellate Jurisdiction where money recovery sought cannot exceed one thousand dollars.**

The supreme court has no direct appellate jurisdiction in a chancery suit to recover the rental value of complainant's land as damages or compensation during the time he was wrongfully deprived of its use on account of nonaccess to it caused by · defendant's wrongful obstruction or destruction of his only way of ingress and egress to and from it, where the recovery could not in any event amount, under the pleadings, to as much as one thousand dollars; for, under the statute (Acts 1907, ch. 82, sec. 7), the supreme court has direct appellate jurisdiction only in those equity cases in which the amount involved or the money recovery sought exceeds one thousand dollars, with certain exceptions inapplicable in this proposition. (*Post, pp.* 526, 527.)

Acts cited and construed: Acts 1907, ch. 82, sec. 7.

Case cited and approved: Chattanooga v. Railroad, 123 Tenn. 497.

2. **SAME. No direct appellate jurisdiction of suit incidentally seeking to recover damages exceeding one thousand dollars, but mainly seeking to recover or procure a right of way.**

The supreme court has no direct appellate jurisdiction in a suit to compel the defendant railroad company to provide for complainant, over its tracks, a suitable way of ingress and egress to and from his land, upon the ground that he is entitled to such right of way, and that the defendant had wrongfully deprived him of such way by the manner of the construction of its tracks and maintenance of its adjacent property, and also to recover the rental value of his land as damages or compensation during the time that he was wrongfully deprived

Morris v. Railroad.

of its use on account of nonaccess to it, caused by the defend-
ant's wrongful obstruction or destruction of his only way of in-
gress and egress to and from it, even though the damages re-
coverable might exceed one thousand dollars, because the
main object of the bill was the procurement of a right of way,
and the damages claimed were only incidental. (*Post, pp.* 526,
527.)

Acts cited and construed:   Acts 1907, ch. 82, sec 7.

3. **SAME. Suit to obtain or recover a right of way is not an eject-
ment suit authorizing a direct appeal to the supreme court.**

A suit to compel the defendant railroad company to provide com-
plainant with a right of way over its tracks, and to recover
the rental value of the land, as shown in the preceding head-
notes, is not an ejectment suit, and the supreme court has no
direct appellate jurisdiction under the statute (Acts 1907, ch.
82, sec 7) authorizing direct appeals to the supreme court in
ejectment suits. (*Post, p.* 527.)

Acts cited and construed:   Acts 1907, ch. 82, sec. 7.

4. **SAME. Supreme court will transfer to the court of civil ap-
peals a case erroneously appealed to it instead of the court
of civil appeals.**

Where the direct appellate jurisdiction is in the court of civil
appeals, and not in the supreme court, the latter court will
enter an order transferring to the former court a cause er-
roneously appealed to the supreme court. (*Post, p.* 527.)

FROM OBION.

Appeal from the Chancery Court of Obion County.—
Jno. S. Cooper, Chancellor.

WADDELL & WADDELL and T. O. MORRIS, for complainant.

SWIGGART & COBB, CHAS. N. BURCH, BLEWETT LEE, and C. L. SIVLEY, for defendant.

MR. JUSTICE GREEN delivéared the opinion of the Court.

This suit was brought by the complainant in the chancery court of Obion county to force the railroad company to provide him a right of way. The allegations of his bill are that a certain tract of land which he owns near the town of South Fulton is so situated that he has but one way of ingress and egress, and that this way lies over the property and tracks of the railroad company.

The prayer of the bill is that the company be compelled to provide for him a suitable right of way, of which he says he has been deprived by reason of the manner of its construction and maintenance of its adjacent property.

The other prayer of the bill is that he be allowed as damages the rental value of his tract since 1903, when his right of way is alleged to have been obstructed.

From an examination of this record, we are of opinion that this court is without jurisdiction of this case. This court, under Acts 1907, ch. 82, section 7, has direct appellate jurisdiction of only those equity cases in which the amount involved exceeds $1,000, and those involving the constitutionality of the statutes of Tennessee, contested elections for office, State revenue, and ejectment suits.

It appears from the record that the rental value of complainant's tract, for which he seeks to recover, is seven or eight dollars per acre per year. His tract contains twenty-seven acres. His bill was filed August 15, 1906. His right of way, as before stated, was obstructed in the year 1903. A simple calculation will therefore demonstrate that he could not possibly recover upon the pleadings in this case a money judgment of as much as $1,000. Therefore, this is not a chancery case in which the amount involved exceeds $1,000, as this provision of the act referred to has uniformly been construed by this court. See *Chattanooga* v. *Belt Line R. R. Co.,* 123 Tenn., 497, 130 S. W., 840.

Even if the damages recoverable here could exceed $1,000, still this would be a case for the court of civil appeals. The main object of the bill is to procure a right of way, and the damages claimed are only incidental. As pointed out in the case of *Chattanooga* v. *Belt Line R. R. Co.,* the mere fact that a money recovery is incidentally sought which may exceed $1,000 will not affect the question of appellate jurisdiction, where such recovery is not the real purpose for which the suit is brought.

A suit to obtain a right of way is, of course, not an ejectment suit, and manifestly this case does not fall within any of the other special classes, jurisdiction of which is reserved to this court.

An order will accordingly be entered transferring this cause to the court of civil appeals.