Wattles v. Foster.

MARY E. WATTLES *et al. v.* E. H. FOSTER *et al.*

(*Knoxville.* September Term, 1912.)

1. APPEALS. Appeal from decree in suit to set aside agreement among beneficiaries under a will lies to court of civil appeals.

An appeal from a decree sustaining a demurrer to a bill filed for the primary purpose of setting aside an agreement, made among the beneficiaries of a will, as to the distribution of the testator's estate, should be taken to the court of civil appeals, and not to the supreme court. (*Post, pp.* 450, 451.)

Acts cited and construed: Acts 1907, ch. 82.

Cases cited and approved: State ex rel., v. Corum, 123 Tenn., 394; Chattanooga v. Railroad, 123 Tenn., 497; Morris v. Railroad, 124 Tenn., 524.

2. SAME. Where supreme court inadvertently assumes appellate jurisdiction that properly belongs to the court of civil appeals, its judgment thereunder is binding.

Where, through inadvertence the supreme court assumed jurisdiction of an appeal or writ of error that should have been taken to the court of civil appeals, and passed a decree in such case, its such decree, although erroneous, was not void, but conclusive on the parties and their privies, and binding on all the world. (*Post, pp.* 451, 452.)

Acts cited and construed: Acts 1907, ch. 82.

Cases cited and approved: Skillern v. May, 6 Cranch, 267; McCormick v. Sullivant, 10 Wheat., 192; Navigation & Railroad Co. v. Iowa Homestead Co., 123 U. S., 552; Dowell v. Applegate, 152 U. S., 327.

3. SAME. Supreme court's inadvertent assumption of appellate jurisdiction that properly belongs to court of civil appeals does not preclude its transfer of the case to that court upon second appeal.

126 Tenn. 29

Where the supreme court inadvertently assumed jurisdiction of an appeal from a decree upon a demurrer, and passed a decree, and remanded the case for answer, it was not thereby precluded, upon a second appeal, from transferring the case to the court of civil appeals, under the statute (Acts 1909, ch. 192) authorizing such transfer. (*Post*, *p.* 451.)

Acts cited and construed: Acts 1909, ch. 192.

## FROM McMINN.

. Appeal from the Chancery Court of McMinn County. —V. C. ALLEN, Chancellor.

GEORGE G. WILLIAMS and EUGENE E. IVINS, for complainants.

WHITE & MARTIN, for defendants.

MR. JUSTICE GREEN delivered the opinion of the court.

This bill was filed for the primary purpose of setting aside an agreement made among the beneficiaries of a will as to the distribution of testator's estate. A demurrer to the bill was interposed, and sustained by the chancellor, whereupon an appeal was taken to the September, 1910, term of this court. The decree of the chancellor was reversed, and the case remanded for answer by this court at that term.

Under chapter 82 of the Acts of 1907, the former appeal should have been to the court of civil appeals. *Chattanooga* v. *Railroad,* 123 Tenn., 497, 130 S. W., 840; *State, ex rel.,* v. *Corum,* 123 Tenn., 394, 131 S. W., 861; *Morris* v. *Railroad,* 124 Tenn., 524, 137 S. W., 759.

The case, coming again before us on appeal, was transferred to the court of civil appeals, under the authority of chapter 192 of the Acts of 1909.

A petition to reconsider our action in transferring the case is filed, and it is urged that, if we adhere to our conclusion that we are without jurisdiction to hear this case on direct appeal, then it would follow that the decree entered in 1910 was a nullity, and all the proceedings had under the order remanding the case are of no effect.

This contention is not correct. The former decree made by this court in 1910 was erroneous, but it was not void.

If, by inadvertence, this court assumes jurisdiction of an appeal or writ of error that should have been taken to the court of civil appeals, and passes a decree in such a case, this decree is not void, but is conclusive on the parties and their privies, and binding on all the world.

Such a rule has invariably been enforced by the Supreme Court of the United States with reference to its judgments and decrees, although the record showed there was no jurisdiction. For obvious reasons, no court of last resort could safely adopt a different policy. See *Skillern* v. *May,* 6 Cranch, 267, 3 L. Ed., 220; *Mc-*

*Cormick* v. *Sullivant*, 10 Wheat., 192, 6 L. Ed., 300; *Des Moines Nav. & R. R. Co.* v. *Iowa Homestead Co.*, 123 U. S., 552, 8 Sup. Ct., 217, 31 L. Ed., 202; *Dowell* v *Applegate*, 152 U. S., 327, 14 Sup. Ct., 611, 38 L. Ed., 463.

The petition to rehear is denied.