SHARP *v.* ROSE *et al.*

(*Knoxville.* September Term, 1914.)

CERTIORARI. Decisions of lower court. Finality.

Under Acts 1907, ch. 82, giving the court of civil appeals appellate jurisdiction in certain cases, with power to grant writs of *supersedeas* in those cases, just as the supreme court has power in cases within its jurisdiction, and providing that the supreme court can review the decrees of the court of civil appeals only after final judgment therein, the supreme court has no jurisdiction to issue *certiorari* to review the order of the court of appeals overruling a motion to discharge a writ of *supersedeas*, theretofore issued by that court to supersede an injunction granted by the chancery court.

Acts cited and construed: Acts 1907, ch. 82.

FROM CLAIBORNE.

Appeal from the Chancery Court of Claiborne County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court. —HUGH G. KYLE, Judge.

DIVINE & GUINN, for plaintiff.

JOHN P. DAVIS, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

It appears that the complainant caused to be prepared a bill for the purpose of enjoining the defend-

ant from doing certain things not necessary here to be specified; that he presented this bill to one of the circuit judges of the State and obtained a fiat; that the bill was filed in the chancery court of Claiborne county and an injunction was issued; that thereafter the defendant filed a motion to dissolve the injunction, and also filed a demurrer to the bill; that the chancellor took these matters under advisement; that thereupon a petition was filed in the court of civil appeals to supersede the injunction on the theory that this injunction, while negative in form, was really active in effect, and also on the ground that it finally disposed of the matters in controversy. One of the judges of the court of civil appeals granted the *supersedeas*. Thereafter a motion was made before the full court to discharge the *supersedeas* because improvidently granted, the motion was disallowed, and the complainant taxed with the costs of that proceeding. Thereupon a petition was filed in this court to obtain the writ of *certiorari* to bring the case to this court, to be here tried and determined.

We have repeatedly had applications of this kind before us, and have as often declined to interfere for want of jurisdiction. Chapter 82 of the Acts of 1907 gives the court of civil appeals appellate jurisdiction in certain classes of cases, and in these cases gives them the power to grant writs of *certiorari* and *supersedeas* from lower courts, just as the supreme court has power in cases within its jurisdiction. That act also provides that this court can review the decrees

Sharp v. Rose.

of the court of civil appeals only after final judgment therein. An order or decree overruling a motion to discharge the writ of *supersedeas* is not a final decree, and for that reason we have no jurisdiction to rehear the controversy in its present status.

The *certiorari* granted by one of the judges of this court in vacation was therefore improvident, and the petition must be dismissed.

The complainant will be taxed with the costs of the proceedings in this court.