### IN THE

# SUPREME COURT OF TENNESSEE

#### FOR THE

## MIDDLE DIVISION

---

## NASHVILLE, SPECIAL TERM, 1915.

---

R. Miles Burns *et al. v.* City of Nashville *et al.*

(*Nashville.* Special Term, 1915.)

1. **COURTS. Appellate jurisdiction. Tennessee supreme court.**
   In view of Acts 1907, ch. 82, creating the court of civil appeals, with appellate jurisdiction of all civil cases coming up from the law and equity courts, except cases involving constitutional questions or chancery cases involving more than $1,000, etc., an incidental prayer for the recovery of a money judgment in excess of $1,000 will not confer appellate jurisdiction upon the supreme court, when the main purpose of the suit is to obtain some relief other than a money judgment; and the value of property involved is immaterial in determining jurisdiction, except in those cases wherein a direct money decree is sought as the end or purpose of the litigation. (*Post, p.* 434.)

132 Tenn.]                    (429)

Burns v. City of Nashville.

Cases cited and approved:   Chattanooga v. Railroad, 123 Tenn., 497; Morris v. Railroad, 124 Tenn., 524; State ex rel. v. Corum, 123 Tenn., 394.

2. **COURTS.**   Appellate jurisdiction.   Tennessee supreme court. Statutes.

Acts 1907, ch. 82, creates the court of civil appeals, with appellate jurisdiction of all civil cases coming up from the law and equity courts, except cases involving constitutional questions or chancery cases involving more than $1,000, etc.   A taxpayers' bill in chancery against the city of Nashville, its commissioners, and the city treasurer, officially and individually, and against the surety on their bonds, charged, among other unlawful acts, wasteful and dishonest management of the city's financial affairs, sought to restrain the commissioners from exercising certain functions of their offices and from making further contracts for the city, or from paying out any of its funds, prayed that a receiver be appointed to take charge of the finances and property of the city, and asked a reference to determine what amount of the city's money had been misappropriated, and a decree therefor against such officers and their surety, and, as amended, alleged that the commissioners had unlawfully expended $14,000 for the erection of a new market house, and asked judgment against them for that sum, and made certain contractors, banks, etc., parties defendant, charged with unlawful participation in the misappropriation of the city's funds, and sought a decree against them.   The chancellor's interlocutory orders restraining the commissioners in the expenditure of the city's funds and appointing a receiver for the city, on petitions for *certiorari* and *supersedeas*, were superseded by the presiding judge of the court of civil appeals.   *Held*, that *certiorari* to annul the order of the court of civil appeals on the ground of its want of jurisdiction would be denied, as the supreme court could not say that any judgment for any sum of money would be rendered against any party on the final hearing, and could not foretell to which court an appeal would lie after the final decree.   (*Post*, p. 435.)

Acts cited and construed:   Acts 1907, ch. 82.

Case cited and approved:   Humphrey v. Godsey, 119 Tenn., 43.

3. **STATUTES.   Construction..   Exceptions.**
Where a general rule has been established by statute, with exceptions, the court will not curtail the former nor add to the latter by implication.   Exceptions strengthen the force of a general law, and enumerations weaken it as to things not expressed.   (*Post, p.* 435.)

4. **COURTS.   Appellate jurisdiction.   Test.**
Jurisdiction on appeal is to be tested by the matter in controversy on appeal, and not by the matters which may have been involved in the lower court.   (*Post, p.* 435.)

5. **CERTIORARI.   Jurisdiction.   Supreme court.**
Under Acts 1907, ch. 82, sec. 8, providing for the review by the supreme court upon *certiorari* of the cases appealed to the court of civil appeals, the supreme court can take jurisdiction of such cases only through the writ of *certiorari*, and only after final decree or judgment in the court of civil appeals, and is without power to review the interlocutory orders of that court or its judges in matters within its jurisdiction.   (*Post, p.* 438.)

Cases cited and approved:   Walker v. Lemma, 129 Tenn., 444; Sharp v. Rose, 130 Tenn., 228.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson county to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— JOHN ALLISON, Chancellor.

H. S. STOKES, J. G. STEPHENSON and W. C. CHERRY, for plaintiffs.

---

Burns v. City of Nashville.

---

JOHN T. LELLYETT, FRANK LANGFORD, and PITTS & McCONNICO, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

The original bill was filed by certain taxpayers against the city of Nashville, against the commissioners thereof, officially and individually, against the city treasurer, officially and individually, and against the United States Fidelity & Guaranty Company, surety on the bonds of all these officers. Many unlawful acts were charged against said officials, especially illegal, wasteful, and dishonest management of the city's financial affairs. An injunction was sought to restrain said commissioners from exercising certain of the functions of their offices, to restrain them from making any further contracts for the city, or paying out any of the city's funds, and it was prayed that a receiver be appointed to take charge of the finances and properties of the city of Nashville. A reference was asked to determine what amount of the city's money had been misappropriated by said officers, and a decree for the same was sought against said defendants and their surety. There was no prayer for any specific sum as a money recovery.

An amendment was made to the bill, in which it was alleged that the commissioners had unlawfully expended $14,000 for the erection of a new market house, and judgment against them for this sum was asked.

Further amendments followed, by which certain contractors, banks, and others were made defendants, and were charged with participation in various unlawful applications of the city's funds, and a decree was sought against said new parties, as well as the commissioners and their bondsman, for such irregular expenditures.    These alleged misapplications aggregated many thousands of dollars.

Defendants filed sundry pleadings not necessary to be considered here.

The chancellor made two interlocutory orders, the first restraining the commissioners in the expenditure of the city's funds, and the second appointing a receiver, with enumerated powers, for the city of Nashville.    Upon petitions for *certiorari* and *supersedeas,* addressed to him, the presiding judge of the court of civil appeals superseded both these orders.

We are asked to take jurisdiction of the case by petition for *certiorari,* and to annul the order of the presiding judge of the court of civil appeals.    This petition proceeds on the theory that the court of civil appeals was wholly without jurisdiction herein, and that the orders made by the judge of that court were mere nullities.    It is insisted that appellate jurisdiction of the cause is in this court, and that the application for interlocutory revisory process could only have been granted by the court or a member thereof.

An answer to the petition for *certiorari* is before us, in which the jurisdiction of the court of civil appeals is maintained, and that of this court denied.

132Tenn.28

It is somewhat difficult to determine what is the principal end or purpose of this litigation. We have said in *Chattanooga* v. *Railroad,* 123 Tenn., 497, 130 S. W., 840, *Morris* v. *Railroad,* 124 Tenn., 524, 137 S. W., 759, and other cases, that an incidental prayer for the recovery of a money judgment in excess of $1,000 will not confer appellate jurisdiction upon this court, when the main purpose of the suit is to obtain some relief other than a money judgment.

It is well settled, of course, that the value of "property involved is immaterial, for the purpose of determining jurisdiction, except in those cases wherein a direct money decree is sought as the end or purpose of the litigation." *Chattanooga* v. *Railway,* 123 Tenn., 497, 130 S. W., 840; *State ex rel.* v. *Corum,* 123 Tenn., 394, 131 S. W., 861.

It is plausibly argued upon this hearing that the principal purpose of the bill of Burns and others was to prevent further waste of the city's finances by the commissioners and to have a receiver appointed to conserve the city's properties. However, it appears that the bill and its amendments allege the unlawful expenditure of the specific sum of $14,000 by these commissioners for a market house and the unlawful expenditure of sums which are very much larger about other matters, and it is sought to recover these sums.

As stated before, it is difficult to determine what is the paramount object of the litigation. All the matters are of great importance, and it is hard to say that any one could be treated as incidental.

Chapter 82 of the Acts of 1907, creating the court of civil appeals, confers upon that court appellate jurisdiction of all civil cases coming up from the law and equity courts of this State, with certain exceptions named; that is to say, the act gives the court of civil appeals immediate supervision of all civil litigation in the lower courts, unless such litigation is of the particular character excepted by the act.

"Where a general rule has been established by statute, with exceptions, the court will not curtail the former nor add to the latter by implication.  Exceptions strengthen the force of a general law and enumerations weaken it as to things not expressed."  Sutherland on Statutory Construction, sec. 328.

Applying this rule of construction, inasmuch as general jurisdiction of civil appeals lies in the court of civil appeals, and the jurisdiction of this court exists only in exceptional cases, it follows that this court cannot assert jurisdiction, unless a particular case falls clearly within one of the exceptions enumerated; that is to say, unless we plainly see that we have jurisdiction of a particular case, we must conclude that the matter is one for the supervision of the court of civil appeals.

It is thoroughly established that jurisdiction on appeal is to be tested by the matter in controversy on appeal, and not by the matters which may have been involved in the lower courts.  This principle is settled in *Humphrey et al.* v. *Godsey,* 119 Tenn., 43, 109 S. W., 1005.  This case has been followed and this principle

applied in numerous unreported decisions of this court.

No matter how much money may have been sued for below, if a judgment is rendered for less than $1,000 and only the defendant appeals, the case goes to the court of civil appeals. We cannot say at this time that any judgment for any sum of money will be rendered against any party hereto on the final hearing. Unless such a judgment should be rendered, so far as we can now see, there is nothing in the case by reason of which this court could ever acquire immediate appellate jurisdiction thereof.

The rule being that jurisdiction is determined by the thing in controversy on appeal, it must follow that, in a case where it is impossible to foretell to which court an appeal will lie after final decree, interlocutory appeals, so to speak, must be tested for jurisdictional purposes by the nature of the matter actually presented on such interlocutory application.

The two orders of the chancellor from which relief is sought are an injunctive order and an order appointing a receiver for the city of Nashville. If the propriety of these orders, and nothing more, was called into question after final decree below, unquestionably the court of civil appeals would have jurisdiction. This court would be without power to entertain an appeal in such matters, unless they came before us incidentally in a case which reached us on account of some other feature bringing it within our jurisdiction.

Burns v. City of Nashville.

We cannot now know that this case will contain any element on appeal after final decree which will bring it to this court. We cannot now say, therefore, that the appointment of a receiver and the injunction against the city commissioners are incidental. These things, and nothing else, may be in litigation on appeal.

At present there is certainly nothing in controversy on these petitions for *certiorari* and *supersedeas* to give this court jurisdiction. By the statute the court of civil appeals is clothed with authority to determine the propriety of decrees below appointing receivers and ordering injunctions. Such power is withheld by the same statute from this court. When only such questions are involved, jurisdiction lies in the court of civil appeals, and not in this court. Supervision of the action of the lower courts in such matters, when nothing else is involved, being intrusted to the court of civil appeals, we do not see that the case is different, whether the aid of that court be invoked by petition to supersede interlocutory orders or by appeal to review a final decree.

We must conclude, therefore, that this controversy in its present *status* is within the supervisory jurisdiction of the court of civil appeals, and that the presiding judge of that court acted within his competency in ordering the writs of *certiorari* and *supersedeas* herein attacked.

The case, therefore, appearing to be, so far as can now be determined, within the jurisdiction of the court of civil appeals, we are, of course, without power to

supersede or interfere with an interlocutory order of that court, or such an order of a judge thereof.

We can reach cases in the court of civil appeals, of which that court has jurisdiction, only through the writ of *certiorari,* and only after final decree or judgment in that court. We are without power to review the interlocutory orders of that court or its judges in matters within its jurisdiction. *Walker* v. *Lemma,* 129 Tenn., 444, 167 S. W., 474; *Sharp* v. *Rose,* 130 Tenn., 228, 169 S. W., 765.

It results that the petition for *certiorari,* directed at the action of the presiding judge of the court of civil appeals, must be denied.