House-Hasson Hardware Co. *et al. v.* Petros Coal Mining Co. *et al.*

(*Knoxville.* September Term, 1917.)

1. APPEAL AND ERROR. Supreme court. Jurisdictional amount.

The supreme court has no jurisdiction of appeal from a decree overruling exceptions of creditors of a coal mining company in the hands of a receiver for winding up to preferential allowances of certain sums as laborer's claims and receiver's compensation and expenses; no one claim amounting to as much as $1,000. (*Post, pp.* 435, 436.)

Case cited and approved: Linger v. Linger, 122 Tenn., 671.

2. APPEAL AND ERROR. Supreme court. Recovery of money judgment sought or resisted merely as incident.

Wher the recovery of a money judgment is resisted merely as an incident to other matters involved, as where, in proceedings to wind up an insolent company, certain creditors seek by their appeal to postpone all other claims to their own, the entire assets being insufficient to pay their claim for royalties and rentals, the supreme court does not acquire jurisdiction. (*Post, p.* 436.)

Cases cited and approved: Burns v. City of Nashville, 132 Tenn., 429; Morris v. Railroad, 124 Tenn., 524; Chattanooga v. Railroad, 123 Tenn., 497.

---

FROM MORGAN.

---

Appeal from the Chancery Court of Morgan County.—A. H. Roberts, Chancellor.

J. M. Davis, for appellant.

138 Tenn—28

FOWLER & FOWLER and H. M. WINSLOW, for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

In this case a general creditor's bill was filed to wind up the Petros Coal Mining Company as an insolvent corporation.

The chief asset of the coal mining company was a leasehold interest in certain coal properties owned by Mr. Winslow and others, for which the company was under contract to pay certain rent and royalties.

The bill was sustained as a general creditor's bill and a receiver appointed. The mine was operated for more than a year under the orders of the court, and the assets of the company were finally sold for $5,000.

It is conceded that the coal company is indebted to Mr. Winslow and associates for rents and royalties in the sum of several thousand dollars. There is no dispute about this matter.

The master reported that certain claims of laborers amounting to about $1,100 and certain other claims were prior in right and should be first paid out of the proceeds of the sale. The court also allowed receiver's compensation of about $900, as of August, 1916, and certain sums retained by the receiver as expenses; this compensation and expense being adjudged by the court as etitled to prior satisfaction out of the funds in hand. To the preferential allow-

ance of the sums just mentioned Mr. Winslow and his associates excepted, and from the decree, overruling their exceptions, they have appealed to this court.

No single laborers' claim nor any other claim allowed  amounts to as much as $1,000. The receiver's compensation of $900 allowed as of August, 1916, does not amount to $1,000, with interest.

The expense account of $1,414.25 is challenged, but it is conceded in the exception that an allowance of $1 per day for expense may be made for the five hundred and forty-eight days. covered by the period of this account. Such a credit would leave only $866.25 in controversy under this head.

So that we here have a case in which there is no one controverted item of sufficient amount to give this court jurisdiction. None of these controversies separately involve $1,000, and they cannot be grouped to give appellate jurisdiction to this court. *Singer* v. *Singer*, 122 Tenn., 671, 126 S. W., 1085.

Moreover, the appeal taken to this court from the decree of the chancellor raises primarily a question of priorities.

Mr. Winslow and others excepted "generally to this decree and all other orders adversely affecting their interests or rights, and excepted especially to this and all former orders and decrees which are made or construed to operate in any wise so as to appropriate any of the funds arising from the operations under the proceedings herein to the payment of

any other claim or claims or expenses of any kind . . . without first paying or reserving sufficient assets out of which to pay in full the respective claims of said Petros Coal Company, H. M. Winslow, and J. N. Baker, for the royalties and rentals due them.'' etc.

''Said defendants also except especially to any allowance whatever in any manner allowed, permitted, or made to the receiver, A. H. Wood, or any attorney representing him, until their claims are paid or sufficient assets reserved to pay their said claims,'' etc.

The entire proceeds of the assets of the insolvent corporation is insufficient to pay the claim of Mr. Winslow and associates for royalties and rentals.

The wording of their appeal shows the main purpose of these defendants is to postpone all other claims to their own. They are interested in questioning the amounts of these claims only in case they fail to establish priority for royalties and rentals. Where the recovery of a money judgment is sought or resisted merely as an incident to other matters involved, this court does not thereby acquire jurisdiction. *Burns* v. *City of Nashville,* 132 Tenn., 429, 178 S. W., 1053; *Morris* v. *Railroad,* 124 Tenn., 524, 137 S. W., 759; *Chattanooga* v. *Railroad,* 123 Tenn., 497, 130 S. W. 840.

An order will be entered transferring this case to the court of civil appeals.