# MORGAN *v.* ADAMS.

## ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 50.  Argued December 9, 10, 1908.—Decided January 11, 1909.

Although the estate may amount to more than $5,000, if the aggregate interest of plaintiffs in error is less than that amount, and the balance of the estate goes to defendants in error, the necessary amount in controversy does not exist to give this court jurisdiction of an appeal from a judgment of the Court of Appeals of the District of Columbia setting aside a will. *Overby* v. *Gordon,* 177 U. S. 214, distinguished.

Writ of error to review 29 App. D. C. 198, dismissed.

THE facts are stated in the opinion.

*Mr. E. Hilton Jackson* for plaintiffs in error.

*Mr. J. J. Darlington* and *Mr. S. Herbert Giesy* for defendants in error.

Mr. Justice McKenna delivered the opinion of the court.

This writ of error brings up for review the judgment of the Court of Appeals of the District of Columbia, confirming the judgment of the Probate Court, entered upon a verdict of a jury upon issues framed under a caveat filed against a paper writing alleged to be the last will and testament of Julia M. Adams. The will was presented for probate by Decatur Morgan, who was named therein as executor, and who, with his wife, Jennie G. Morgan, were the principal legatees therein. Defendants in error, who were respectively nephews and nieces of the deceased, filed a caveat against the probate of the will, alleging the incapacity of the deceased to make a will, and also alleging undue influence and fraud and coercion exercised upon her by the Morgans and other persons. An answer was filed denying the allegations of the caveat, and the following issues were framed for submission to the jury: (1) Was the written paper propounded as the last will and testament of the deceased executed in due form of law? (2) Was the testatrix, at the time of executing the will, of sound and disposing mind? (3) Was it procured by the undue influence of Decatur Morgan or Jennie G. Morgan, or other person or persons? (4) Was it procured by fraud or coercion of either of the Morgans, or other person or persons?

A jury was impannelled to try the issues, and the questions in the case turn upon certain instructions given by the court upon the second and third issues. The other two, that is, the first and fourth issues, were withdrawn by defendants in error. The verdict of the jury was adverse to the plaintiffs in error on the two issues submitted. Judgment was in due course entered, denying the probate of the will, which judgment was affirmed by the Court of Appeals. 29 App. D. C. 198.

A question is presented as to the right of plaintiffs in error to bring the case to this court. Defendants in error contend the amount in dispute is less than the necessary amount to confer jurisdiction. The total value of the estate is $7,394.50, only

$4,144.50 of which are bequeathed to the Morgans, the balance of the estate goes to defendants in error, except $250.00 bequeathed to the Epiphany Church. The matter in dispute, it is hence contended, is nearly $1,000 less than the jurisdictional amount.

A similar question came up in *Overby* v. *Gordon*, 177 U. S. 214. The case was a contest of a will. The plaintiffs in error in this court offered its probate on the ground that the testator was a resident of Georgia when he made the will, not of the District of Columbia, and that his personal estate passed under the laws of Georgia to plaintiffs in error, who were next of kin of the testator. They were unsuccessful in the court below and then brought the case here, and a motion was made to dismiss, because the interests of plaintiffs in error were several and each interest less than five thousand dollars, and that, therefore, the matter in dispute was less than that sum and this court had no jurisdiction. The motion was denied, this court answering that the value of the estate was the matter in dispute. This, however, was put upon the ground that the question in the case was whether an estate valued at nine thousand dollars should pass, as provided in the alleged will, which, in effect, excluded the next of kin, or in the mode provided by the law of the domicil of the decedent for the transmission of an intestate estate. The purpose of the case therefore, was, it was said, not to seek an allotment to them of their interests, but an adjudication that the alleged will was invalid, and that that contention was advanced by virtue of a claim of common title in the next of kin of the decedent in the *corpus* of the estate derived from the alleged law of the domicil of the deceased. In other words, it was held in such case that where parties seek a recovery under the same title and for a common and undivided interest, the sum sought to be recovered, not the share of each individual claimant, constitutes the matter in dispute. And for this see *Shields* v. *Thomas*, 17 How. 3, and *New Orleans & Pacific Railway* v. *Parker*, 143 U. S. 42, 51, 52.

The case at bar is distinctly different. The legacies to the

plaintiffs in error, of course, depend upon the validity of the will. That constituted their common title, but the sum of their interest is only $4,144.50, which is less than the amount necessary to give jurisdiction to this court, nor would the necessary amount be reached if the legacy to the Epiphany Church be added.

*Writ of error dismissed.*

[END OF VOLUME 211.]

[Per curiam opinions, decisions on petitions for certiorari and list of cases disposed of without consideration by the court will appear in a subsequent volume.]