380 F.2d 90
 William Joseph BREAULT and Bonnie Jo Ellen Kathryn Breault, Plaintiffs-Appellants,
v.
Harold L. FEIGENHOLTZ, Executor of the Will of Oscar J. Breault, deceased, Estelle Angela Breault, Kenneth Breault, Wesley Memorial Hospital, a corporation, and Harold L. Feigenholtz, individually and as Trustee under the Last Will and Testament of Oscar J. Breault, deceased, Defendants-Appellees.
 No. 16048.
 United States Court of Appeals Seventh Circuit.
 June 13, 1967.
 Rehearing Denied July 23, 1967.
 Rehearing Denied July 23, 1967, en banc.
 
 G. Kent Yowell, Chicago, Ill., John J. Yowell, Chicago, Ill., Yowell & Cessna, Chicago, Ill., of counsel, for appellants.
 Richard P. Fredo, Hirsch E. Soble, Chicago, Ill., J. Glenn Shehee, Wheaton, Ill., for appellee.
 Before SCHNACKENBERG, CASTLE and FAIRCHILD, Circuit Judges.
 CASTLE, Circuit Judge.
 
 
 1
 Plaintiffs-appellants, William Joseph Breault and Bonnie Jo Ellen Kathryn Breault, two of the heirs of Oscar J. Breault, deceased, brought this proceeding in the District Court to set aside the Will of Oscar J. Breault as the product of undue influence. Plaintiffs' complaint, filed July 1, 1960, alleged diversity of citizenship and that "the amount involved herein exceeds the sum of $10,000.00 exclusive of interest and costs". The complaint also alleged that if the instrument purported to be the last will and testament of Oscar J. Breault "is found and held to be invalid as herein prayed, plaintiffs, as heirs, will be entitled to money and property exceeding in value the amount devised and bequeathed to them under said instrument by more than $10,000.00 exclusive of interest and costs". The defendant, Harold L. Feigenholtz, individually, and as executor and trustee under the Will of Oscar J. Breault, filed a motion to dismiss the complaint[1] on the ground that the court lacked jurisdiction because the matter in controversy is less than the requisite jurisdictional sum or value. The motion was supported by affidavit that Oscar's estate was insolvent. At a hearing before the court on March 30, 1961, various exhibits were introduced in evidence and testimony adduced on the issue of solvency of Oscar's estate as bearing on the existence of the requisite jurisdictional value. On November 13, 1961, the court entered an order remitting the plaintiffs to the State courts for such proceedings as would result in a final determination of whether at the date of the filing of the complaint the estate of Oscar was entitled to an accounting from the executors or trustees of the estate of Kathryn M. Breault, Oscar's mother, as claimed by plaintiffs, and if so, the amount thereof, and whether Oscar's estate was solvent or insolvent. Hearing on the motion to dismiss for want of jurisdiction was suspended pending such proceedings. No review of this order was sought.
 
 
 2
 The provisions of Oscar's will, and the provisions of the will of his mother, Kathryn M. Breault, insofar as they are pertinent to the instant litigation, are set forth in Breault v. Feigenholtz, 7 Cir., 358 F.2d 39, 41-42, cert. den. 385 U.S. 824, 87 S.Ct. 52, 17 L.Ed.2d 61, and need not be repeated here.
 
 
 3
 The record discloses that following the November 13, 1961, order the plaintiffs participated in state court actions culminating in final determinations that the provisions of Oscar's will exercising his testamentary power of appointment over the property in his mother's testamentary trust did not constitute such trust property a part of Oscar's estate (In re Estate of Breault, 29 Ill.2d 165, 193 N.E.2d 824) and that Oscar's estate was insolvent (In re Estate of Breault, 63 Ill.App.2d 246, 263, 211 N.E.2d 424).
 
 
 4
 On October 6, 1966, the plaintiffs moved for leave to file a tendered amended and supplemental complaint represented as setting forth "with particularity" an additional allegation, made on information and belief, that the estate of Oscar has an uninventoried claim against Harold L. Feigenholtz and Richard Dahm[2] in excess of $1,000,000.00. The defendants filed objections to the motion for leave to file on the ground, inter alia, that the averments of the tendered complaint are inadequate to confer jurisdiction. The court treated the objections as a motion to dismiss on the basis of which the court denied leave to file the tendered amended and supplemental complaint and entered an order dismissing plaintiffs' action for want of federal jurisdictional amount. The plaintiffs' motion to vacate the order of dismissal was denied, and plaintiffs appealed.
 
 
 5
 In the posture in which this case reaches us it is clear that the assets of Kathryn M. Breault's testamentary trust are not a part of Oscar's estate. In re Estate of Breault, 29 Ill.2d 165, 193 N.E.2d 824. And it is equally clear from the record herein, as well as from the determination made in In re Estate of Breault, 63 Ill.App.2d 246, 211 N.E.2d 424, that from the standpoint of inventoried assets and of the claims subsequently filed in and allowed by the Illinois probate court Oscar's estate has at all times been insolvent. Thus, unless, as plaintiffs contend, the allegations of the tendered amended and supplemental complaint are of themselves adequate, in the face of the challenge to jurisdiction made by defendants, to establish the existence of the requisite jurisdictional "value"[3] it was not error for the District Court to deny the motion for leave to file and to dismiss the action.
 
 
 6
 The federal diversity action the plaintiffs seek to maintain is a proceeding to set aside a will. The action seeks only an adjudication as to whether or not the instrument produced is the will of the testator. Strachan v. Nisbet, 7 Cir., 202 F.2d 216, 219; Ill.Rev.Stat. 1965, ch. 3, § 92. It is not an action for a money judgment or decree, in which instance the "sum" claimed controls the existence of the requisite jurisdictional amount if the claim is apparently made in good faith, and under the rule of St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 288-289, 58 S.Ct. 586, 590, 82 L.Ed. 845, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal". Here, as in Hague v. C. I. O., 307 U.S. 496, 507, 59 S.Ct. 954, 83 L.Ed. 1423, the relief sought is of a nature that a motion to dismiss based upon the absence of jurisdictional amount calls for substantial proof on the part of the plaintiffs of facts justifying the conclusion that the action involves "value" in the necessary amount. In view of the challenge made, mere averment of the amount claimed to be in controversy is not enough to confer jurisdiction. And the existence of such "value" is to be measured by that which the plaintiffs seek to gain by their action — the pecuniary consequence to them. Cf. Overby v. Gordon, 177 U.S. 214, 20 S.Ct. 603, 44 L.Ed. 741; Morgan v. Adams, 211 U.S. 627, 29 S.Ct. 213, 53 L.Ed. 362; Thomson v. Gaskill, 315 U.S. 442, 447, 62 S.Ct. 673, 86 L.Ed. 951.
 
 
 7
 We recognize that it places a heavy burden upon the plaintiffs to require that they make substantial proof of facts which would justify the conclusion that Oscar's estate possesses an uninventoried claim based on derelictions of the executors and trustees of Kathryn's will and testamentary trust which would result in Oscar's estate recovering thereon a sufficient amount to discharge all of the obligations against it and to distribute to plaintiffs amounts meeting the jurisdictional requirement. But, it was the intent of Congress drastically to restrict federal jurisdiction in diversity cases (St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845) and that plaintiffs may find it difficult to adduce satisfactory proof does not require that bare allegations based on information and belief be accepted as establishing the existence of jurisdictional amount.
 
 
 8
 Plaintiffs' reliance upon our recent decision in Sears, Roebuck and Co. v. American Mutual Liability Insurance Company, 7 Cir., 372 F.2d 435 (Opinion filed February 10, 1967) is misplaced. In that case Sears was the defendant in a pending product liability suit brought in an Illinois state court by a customer seeking recovery of $500,000 damages for personal injuries. Sears brought a diversity declaratory judgment action in federal district court against American Mutual alleging that it was the product liability insurer of Flagg-Utica Corporation from whom Sears had purchased the product involved, and that the coverage afforded under the policy issued by American Mutual extended to Sears as a vendor of the product supplied by Flagg-Utica. Sears sought a declaratory adjudication that the insurer was obligated to defend Sears and to pay any judgment rendered against Sears. The district court dismissed Sears' complaint. This Court reversed. One of the grounds upon which the district court dismissed was that Sears might not be found liable in the state court litigation, in which case the costs of defense of the suit would likely be less than $10,000. The district court reasoned that this would cause a failure of jurisdictional amount and render any prior federal declaration moot. This Court in reversing relied upon the rule set forth in St. Paul Mercury Indemnity Co., supra, and held that Sears' claim met the requisite jurisdictional amount. It is obvious that the pending $500,000 suit against it afforded Sears with a "good faith" basis for its allegation of the existence of requisite jurisdictional amount.
 
 
 9
 Our decision in Sears, supra, with respect to the existence of requisite jurisdictional amount is of no aid to the plaintiffs. The instant appeal does not involve an action in which a federal court adjudication of monetary liability to plaintiffs is sought, and the rule of St. Paul Mercury Indemnity Co. therefore applicable, as was the case in Sears.
 
 
 10
 In their brief plaintiffs allude to the fact that the District Court entered an order in this action, like that entered in their declaratory judgment action reviewed in Breault v. Feigenholtz, 7 Cir., 358 F.2d 39, denying their petition for approval of the settlement agreement which was involved in the case last cited. They request that we reconsider our ruling in that appeal affirming the District Court's refusal to approve the proposed settlement agreement (358 F.2d 39, 44) and attempt to present additional argument on the merit of our previous decision. Our decision affirming the District Court's action in rejecting the settlement agreement is conclusive on that matter and we decline to reconsider it. The ruling in the previous case estops plaintiffs from relitigating that issue.
 
 
 11
 The judgment orders appealed from are affirmed.
 
 
 12
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 The motion was later joined in by the remaining defendants-appellees
 
 
 [2]
 The tendered amended and supplemental complaint named Richard Dahm, also an executor and trustee under the will of Kathryn M. Breault, as an additional party defendant. An earlier, June 27, 1966, motion to file an amended complaint alleging the existence of such uninventoried claim against Feigenholtz and Dahm was denied "without prejudice" on the ground that the amended complaint then tendered failed to meet the requirement of Rule 9(b) of the Federal Rules of Civil Procedure that allegations of fraud be stated with particularity. Other objections thereto were not passed on
 
 
 [3]
 Although plaintiffs, on brief, also contend it was error for the district judge to dismiss the action for want of jurisdictional amount "without a hearing when on the record before him he was not and could not have been convinced to a legal certainty that the requisite amount was not present", they point to nothing in the record which shows they urged the necessity of a further evidentiary hearing before the District Court or in their motion to vacate the order of dismissal