**SHEFA, INC., Plaintiff,**

v.

**PUERTO RICO FINANCIAL CORP.,**
**Defendant.**

**Civ. No. 732–69.**

United States District Court,
D. Puerto Rico.

July 29, 1970.

---

4. Nine agents sold $177,000 in the first quarter of 1967, or $19,666 each.

J. L. Novas-Dueño, San Juan, P. R., for plaintiff.

Stanley Segal, San Juan, P. R., for defendant.

## ORDER

CANCIO, Chief Judge.

This is an action for damages brought by plaintiff, Shefa, Inc., against defendant, Puerto Rico Financial Corporation. Both corporations are organized under the laws of the Commonwealth of Puerto Rico and have their principal places of business therein. It is alleged that this court has jurisdiction in that the action involves a controversy arising under the laws of the United States in accordance with the provisions of title 28 U.S.C.A. § 1331. Defendant has filed a motion praying that the complaint be dismissed for lack of jurisdiction.

It appears from the complaint that plaintiff is engaged in the business of developing and constructing buildings. Defendant is engaged in the business of financing the development and construction of buildings, homes and condominiums and in the financing of the sale to the public of individual homes and condominiums.

In the year 1965, plaintiff and defendant entered into an agreement covering the financing for the construction of two condominium buildings and the financing of the sale to the public of the individual condominium units contained in said buildings. The agreement appears to be typical of that utilized in situations of this sort, in that in order to secure the payment of the amount borrowed by the plaintiff from the defendant, plaintiff executed a mortgage to guarantee the payment of a promissory note to the order of the defendant. It further appears that part of the agreement was that the mortgage loans would be insured by the Federal Housing Administration and, in pursuance thereof, the agreement was made in accordance with Federal Housing Administration rules and regulations, submitted to said agency and approved by it.

Plaintiff alleges in the complaint that defendant, without consulting plaintiff, contracted with a banking institution for the servicing of the individual mortgage loans; that defendant refused to advance monies to plaintiff under the loan agreement; that at the time the loan was liquidated plaintiff required that defendant pay a prepayment penalty and that defendant required from

plaintiff the payment of a financing charge not agreed to between the parties. Plaintiff alleges that, in addition to constituting violations of the contract between the parties, said acts violated the rules and regulations promulgated by the Federal Housing Administration.

An analysis of the foregoing allegations clearly indicates that, with the exception of one allegation which will be discussed below, what is essentially involved in this case is an action for damages arising from an alleged breach of contract and that the rights of the parties may be decided without the necessity of resorting to the interpretation of any law of the United States. Although the tests to determine whether or not an action arises under the laws of the United States are numerous,[1] one of the most important is that to bring an action within the statute, a right or immunity created by the laws of the United States must be an essential element of the plaintiff's cause of action, that is, it must have its genesis in federal law.[2] Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). A corollary of this doctrine is set forth in Meyer v. Kansas City Southern R. Co., 84 F.2d 411 (2nd Cir. 1936), where it was held that when the controversy between the parties may be decided under local law without the necessity of interpreting a federal statute, there is no federal jurisdiction. In that case the circuit court, on page 414 of the decision, states:

"The contention seems to be that this suit may be maintained under the principles of Southern Pacific Co. v. Bogert, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099, and that the federal court has jurisdiction because the damaging acts of the appellees were not only violations of their fiduciary duties, but were also violations of the anti-trust laws, and that in determining the appellees' liabilities, the court must construe or interpret the anti-trust statutes. *But so far as the appellees are liable for a breach of the fiduciary duties to minority stockholders imposed upon them by reason of their control of the St. Louis Southwestern, it is immaterial that their breaches of faith to the appellant also involved violations of federal statutes. The appellees' liability would be complete though their acts were not public offenses and a determination of federal law is thus not necessarily involved."*

(Emphasis supplied.)

The only allegation in the complaint that requires more extended discussion is paragraph 11. Said paragraph alleges that defendant required plaintiff to pay a prepayment penalty in violation of the rules and regulations of the Federal Housing Administration. Plaintiff does not allege that defendant collected the prepayment penalty. The remedy it seeks is based solely on the allegation that defendant, by requiring the payment of this penalty, delayed the selling of the individual mortgage notes, which delay prejudiced the plaintiff. It is evident that the cause of action is predicated on the theory that defendant had the obligation to sell the mortgages, or make them available for sale, within a period of time. Clearly, such an obligation, if it exists, is not to be found in any of the rules or regulations of the Federal Housing Administration, but rather from the agreement between the parties. Again, the controversy revolves around the construction and interpretation of the agreement between the parties rather than any federal statute. While it may be alleged that defendant could attempt to justify any delay on the basis of its right to collect the prepayment penalty and that such defense might require the interpretation of the applicable rules of the Federal Housing Administration as they pertain to prepayment penalties, it is a well settled doctrine

---

1. 14 A.L.R.2d 992, 1003.

2. The fact that a question of federal law may be lurking in the background is in-

sufficient to invoke federal jurisdiction. Gully v. First National Bank, supra.

that a federal question that may arise as a result of a defense that may be raised by defendant does not vest federal courts with jurisdiction to entertain the cause of action. This is so even if the complaint raises the issue of federal law by anticipating the defensive allegation. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1949).

In view of the foregoing, this court finds that the complaint does not set forth a substantial federal question that would require the construction of a United States statute in order to resolve the controversy between the parties and that, therefore, the complaint must be, and it hereby is, dismissed for lack of jurisdiction.