**M. M. POWELL, Appellant,**

v.

**STATE OF ARKANSAS, Appellee.**

**Peter C. MAVRIKIS, Appellant,**

v.

**STATE OF ARKANSAS, Appellee.**

**Carl Wayne MATTHEWS, Appellant,**

v.

**STATE OF ARKANSAS, Appellee.**

**Nos. 20238–20240.**

United States Court of Appeals, Eighth Circuit.

Dec. 4, 1970.

Harry B. Friedman and Sherman A. Kusin, Texarkana, Tex., Dan M. Lee and W. S. Moore, Jackson, Miss., and S. Daniel George and Jim Jones, Sallisaw, Okl., on brief for appellants.

Joe Purcell, Atty. Gen., and Mike Wilson, Asst. Atty. Gen., Little Rock, Ark., on brief for appellee.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and REGISTER, Chief District Judge.

PER CURIAM.

Appellants were charged with robbery by informations filed in the County Court of Polk County, Arkansas on December 19, 1969. The charge was later reduced to grand larceny. Thereafter, appellants removed the cases to the United States District Court under the provisions of 28 U.S.C. § 1443(1). That section allows such removal where the defendant shows that he is denied or cannot enforce in the State courts "a right under any law providing for

* * * equal civil rights." Appellants each contended that they were being denied equal rights in the Arkansas courts due to their prosecution by information rather than indictment, the method of selection of petit juries employed in Polk County, Arkansas, limitations imposed on appellants in pre-trial discovery, and alleged prejudicial pre-trial publicity. On February 25, 1970 the district court entered orders granting the State of Arkansas' petitions for remand of the prosecutions to the state court. This consolidated appeal is taken from those orders. Jurisdiction for appeal is provided by 28 U.S.C. § 1447.[1]

Appellants' sole argument on appeal is that our court should overrule or refuse to follow the decisions of the United States Supreme Court in City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966) and Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966) upon which the district court relied in ordering the remand.

In City of Greenwood v. Peacock, supra, the Supreme Court held that removal under 28 U.S.C. § 1443(1) is *not* supported by a showing that an accused's federal equal civil rights have been illegally denied by state officials in advance of trial or that the accused is unable to obtain a fair trial in a particular state court. The Court stated:

> "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will be inevitably denied by the very act of bringing the defendant to trial in the state court." Id. at 827–828, 86 S.Ct. at 1812.

In Georgia v. Rachel, supra at 788, 86 S.Ct. at 1788 decided the same day as

the *Greenwood* case, the Supreme Court held that the phrase in § 1443(1) "any law providing for * * * equal civil rights," means any law providing for specific civil rights stated in terms of racial equality. Appellants admit that there are no racial overtones in these cases.

We view these decisions as controlling in this matter and as supportive of the district court's orders of remand.

Accordingly, the orders appealed from are affirmed.

---

1. On October 22, 1970 appellants filed in our court a consolidated motion for stay of execution of the remand orders pending this appeal. We denied this motion

in an order entered October 23, 1970. We have since been informed that one of the appellants has been tried and convicted in the Arkansas state court.