**STATE ex rel. Mary Carpenter BRUCE et al., Plaintiffs,**

**v.**

**Duane LARKIN, Defendant.**

**No. 72–C–388.**

United States District Court,
E. D. Wisconsin.

July 26, 1972.

Borgelt, Powell, Peterson & Frauen, by Roger S. Bessey, Milwaukee, Wis., for plaintiffs.

Samson, Friebert, Sutton & Finerty, by Robert H. Friebert, Milwaukee, Wis., for defendant.

## DECISION

MYRON L. GORDON, District Judge.

The plaintiffs commenced an action in the state court alleging that the defendant is performing abortions in open violation of section 940.04(1), (2), (3) and (4) of the Wisconsin statutes and that such conduct constitutes a public nuisance. The remedy sought in the state court complaint is abatement of the alleged public nuisance by injunction.

The action was removed to this court in accordance with 28 U.S.C. § 1446. Briefing schedules were established for the motion to dismiss and the motion to strike parties which were filed shortly after the defendant's petition for removal. The plaintiff has now filed a motion to remand the matter to the state court.

The defendant claims that this court has original jurisdiction over this case under 28 U.S.C. §§ 1331, 1332 and 1343, and under 42 U.S.C. § 1983. He urges, therefore, that removal is proper under 28 U.S.C. §§ 1441 and 1443.

 Section 1331 requires that the matter in controversy "arises under the Constitution, laws, or treaties of the United States." Here, the plaintiff seeks to prosecute an action and effect a result in accordance with state statutes. The matter does not "arise" under the laws of the nation but under those of the state. The defendant offers a defense based on federal rulings in his petition; however, "it is the plaintiff's complaint, unaided by the petition for removal, which must disclose the presence of such federal question." Spring City Flying Service, Inc. v. Vogel, 281 F.Supp. 594 (E.D.Wis.1968). *See also* Romick v. Bekins Van & Storage Co., 197 F.2d 369, 370 (5th Cir. 1952); Shefa, Inc. v. Puerto Rico Financial Corp., 315 F.Supp. 314, 317 (D.Puerto Rico 1970).

 Section 1332 grants original jurisdiction to district courts in cases where diversity exists and "the matter in controversy exceeds the sum or value

of $10,000, exclusive of interest and costs". The plaintiffs do not seek monetary recovery but injunctive relief. Although the value to the defendant of avoiding interference with his activities may exceed the jurisdictional amount, the test, at least in the seventh circuit, is measured from the plaintiff's viewpoint. Breault v. Feigenholtz, 380 F.2d 90, 92 (7th Cir. 1967), cert. denied, 389 U.S. 1014, 88 S.Ct. 591, 19 L.Ed.2d 660 (1967); State Committee to Stop Sanguine v. Laird, 317 F.Supp. 664, 667 (W.D.Wis.1970).

■ Section 1343 grants original jurisdiction to district courts over certain actions involving civil rights. Despite any relevance § 1343 may have to this matter in another procedural context, it does not grant this court original jurisdiction over this action.

■ Section 1983 creates a cause of action for deprivation of federally protected rights. It is a "civil action authorized by law" over which district courts have jurisdiction under § 1343. *See* 28 U.S.C. § 1343(3). Section 1983 grants no jurisdiction at all, and, therefore, is certainly no authority for an allegation that this court has original jurisdiction over the plaintiff's action.

■ Since this court does not have original jurisdiction over the plaintiff's action under any of the above provisions, it follows that it does not have removal jurisdiction under § 1441. Section 1441 allows removal of civil actions brought in state courts if "the district courts of the United States have original jurisdiction". 28 U.S.C. § 1441(a). With exceptions not relevant here, general removal jurisdiction is dependent upon original jurisdiction. 1A J. Moore, Moore's Federal Practice ¶ 0.157 [5], at 251 (2d ed. 1965).

■■ Finally, authority for removal is not found in § 1443. Section 1443(1), presumably the subsection the defendant relies on, allows defendants to remove state actions to federal district courts if they are "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction". This provision has been held applicable only to rights under laws providing for equal civil rights; it does not cover broad constitutional guarantees of general application to all citizens. Naugle v. Oklahoma, 429 F.2d 1268 (10th Cir. 1970); Shuttlesworth v. City of Birmingham, 399 F.2d 529 (5th Cir. 1968). Furthermore, it has been limited even more narrowly to those cases involving racial equality. Appalachin Volunteers, Inc. v. Clark, 432 F.2d 530 (6th Cir. 1970), cert. denied, 401 U.S. 939, 91 S.Ct. 936, 28 L.Ed.2d 219 (1971); Powell v. Arkansas, 434 F.2d 604 (8th Cir. 1970). It is apparent that the removal provisions of § 1443 are inapplicable here.

The instant ruling on removal does not mean that a federal court is necessarily powerless to protect the rights guaranteed to individuals under federal law. The Supreme Court listed some of the "many other remedies available in the federal courts to redress the wrongs claimed" in Greenwood v. Peacock, 384 U.S. 808, 828–830, 86 S.Ct. 1800, 1813, 16 L.Ed.2d 944 (1965). In the very recent case of Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (decided June 19, 1972), the Court commented as follows:

"The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law, 'whether that action be executive, legislative or judicial.' *Ex parte Virginia*, 100 U.S. 339, 346 [25 L.Ed. 676] (1879). In carrying out that purpose, Congress plainly authorized the federal courts to issue injunctions in § 1983 actions, by expressly authorizing a 'suit in equity' as one of the means of redress. And this Court long ago recognized that federal injunctive relief against a state court proceeding can in some circumstances be essential to

prevent great, immediate, and irreparable loss of a person's constitutional rights."

I express no opinion as to which of the potential remedies, if any, are or may become available to the defendant under appropriate federal actions. I point them out for the sole purpose of showing that it is not necessary to expand the applicability of the removal provisions simply because of the factual situation here presented.

The defendant having demonstrated no basis for removal, it follows that the plaintiff's motion to remand must be granted. In view of the remand, no other pending motions in this case will be decided by this court. The briefing schedules previously set are to be deemed cancelled.