**MILLER–BRADFORD & RISBERG, INC., Plaintiff,**

v.

**FMC CORPORATION et al., Defendants.**

**Civ. A. No. 76–C–314.**

United States District Court, E. D. Wisconsin.

June 17, 1976.

John A. Fiorenza, Milwaukee, Wis., for plaintiff.

George E. Garvey, Milwaukee, Wis., for defendant FMC Corp.

Ben L. Chernov, Milwaukee, Wis., for defendant Road Machinery & Supplies Co.

Samuel J. Recht, Milwaukee, Wis., for defendant McAllister Equipment Co.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The above-captioned action was originally filed in the Circuit Court of Milwaukee County, Wisconsin, on April 8, 1976. On May 12, 1976, the three defendants named in the complaint removed the action to this court. On May 28, 1976, the plaintiff filed a petition for an order to show cause why the action should not be remanded to state court or, in the alternative, why the plaintiff should not be granted a preliminary injunction. The Court construed this pleading as a motion to remand or, in the alternative, for a preliminary injunction, and asked the parties to submit briefs. The Court has considered the briefs and supporting affidavits so submitted, and has reviewed the entire record in this case.

The Court has concluded that plaintiff's motion to remand this action to the state court must be granted. The Court accordingly does not reach the merits of the plaintiff's alternative motion for a preliminary injunction.

The plaintiff alleges that starting in 1966, it and defendant FMC Corporation ("FMC") annually entered into a distributorship agreement. This agreement gave the plaintiff the right to purchase for resale certain products manufactured by FMC, and had a term of one year. In January of 1976, plaintiff signed an FMC distributorship agreement having a term of six months. FMC subsequently notified the plaintiff that this six-month distributorship agreement would not be renewed upon its expiration on June 30, 1976.

The first cause of action set forth in the complaint alleges that FMC failed to give the plaintiff ninety days written notice of its intent to change the term of the distributorship agreement from one year to six months. Plaintiff alleges that such notice is required by the provisions of the Wisconsin Fair Dealership Law, Chapter 135, Wis. Stats. (1973).

The second cause of action alleges that a fiduciary relationship exists between FMC and the plaintiff while the distributorship agreement is in effect, and that FMC and defendants McAllister Equipment Co. and Road Machinery & Supplies Co. have conspired to breach certain duties which are alleged to arise out of that relationship. For relief, the plaintiff asks for declaratory and injunctive relief, costs, and attorney's fees.

The petition for removal filed on May 12, 1976, asserts that diversity of citizenship exists between the defendants and the plaintiff, and that the amount in controversy, exclusive of interest and costs, exceeds $10,000. The petition contends that this action is one over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332, and that removal of the action to this court is authorized by 28 U.S.C. § 1441.

In moving to remand this case to state court, the plaintiff insists that the amount herein in controversy does *not* exceed $10,-000. Since this fact, if true, would preclude this court from assuming original jurisdiction over the cause, plaintiff asserts that removal to this court is correspondingly improper.

■ "[I]n removed cases that involve a jurisdictional amount the defendant has the burden of proving that the required amount in controversy is present." 1 Moore's Federal Practice ¶ 0.92[3.–2], at 872 (2d ed. 1975). This general rule does not abate in situations where the state court plaintiff seeks only injunctive relief. 1A Moore's Federal Practice, ¶ 0.157[b], at 113–114 (2d ed. 1975).

■ For purposes of federal jurisdiction, the amount in controversy in injunctive actions is the value of the right to be protected or the extent of injury to be prevented. *Scherr v. Volpe*, 336 F.Supp. 882 (W.D.Wis. 1971), aff'd 466 F.2d 1027 (7th Cir. 1972).

■ The plaintiff erroneously contends that the requirement of an amount in controversy in excess of $10,000 cannot be met if the injury attendant to a denial of injunctive relief is of such a nature as to make the computation of damages difficult and uncertain. Uncertainty of damages, however, is not sufficient to establish that the amount in controversy is not in excess of $10,000. This is not a case where the right in question cannot be evaluated in monetary terms. Cf. *Wilson v. Wilson*, 128 F.Supp. 89 (D.Mass.1955). Where, as here, the injury is quite clearly financial in nature, the difficulty of determining damages with exactitude does not foreclose inquiry into the question of whether or not the amount in controversy exceeds $10,000.

■ As previously noted, the defendants in this case bear the burden of establishing a jurisdictional amount in controversy. Defendants have attempted to meet this burden by submitting an affidavit subscribed to by the sales manager of defendant McAllister Equipment Co. In that affidavit, it is asserted that McAllister Equipment Co. will be adversely affected in an amount in excess of $10,000 if the injunction plaintiff seeks is granted. Defendants have cited to the Court commentary and cases which suggest that in removal situations, the amount in controversy in an action in which injunctive relief is sought should be determined with reference to the anticipated cost to the defendant of complying with the order plaintiff seeks as opposed to the value or benefit which plaintiff will receive in the event that the relief requested is obtained.

Whatever validity that position may have in other circuits, it does not constitute the law of this circuit. In *State ex rel. Bruce v. Larkin*, 346 F.Supp. 1065 (E.D.Wis.1972), Judge Gordon held that the value to the defendant of having the injunction therein requested denied could not be used to establish the jurisdictional amount necessary to sustain the removal of the action to federal court:

"Section 1332 grants original jurisdiction to district courts in cases where diversity exists and 'the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs'. The plaintiffs do not seek monetary recovery but injunctive relief. Although the value to the defendant of avoiding interference with his activities may exceed the jurisdictional amount, the test, at least in the seventh circuit, is measured from the plaintiff's viewpoint. *Breault v. Feigenholtz*, 380 F.2d 90, 92 (7th Cir. 1967), cert. denied, 389 U.S. 1014, 88 S.Ct. 591, 19 L.Ed.2d 660 (1967); *State Committee to Stop Sanguine v. Laird*, 317 F.Supp. 664, 667 (W.D.Wis.1970).

\*　　\*　　\*　　\*　　\*　　\*

"Since this court does not have original jurisdiction over the plaintiff's action under any of the above provisions, it follows that it does not have removal jurisdiction under § 1441." Id. at 1066–1067.

■ It is accordingly incumbent upon the defendants to establish that the value to the plaintiff of the requested relief exceeds $10,000. This defendants have failed to do. Although the petition for removal alleges that more than $10,000 is in controversy, the contravention of that allegation inherent in the plaintiff's motion to remand has been met only with an assertion that the *defendants* will suffer injury in excess of $10,000 if the relief plaintiff seeks is granted. In failing to provide the Court with any facts from which this Court can determine that the value to the *plaintiff* of the

relief requested will exceed the jurisdictional amount, defendants have failed to meet the burden of proof which is imposed on them by the law of this circuit. It is thus necessary for the Court to remand this case to the state court from which it was removed.

IT IS THEREFORE ORDERED that this action shall be and hereby is remanded to the Circuit Court of Milwaukee County, Wisconsin.

IT IS FURTHER ORDERED that the defendant FMC Corporation shall be and it hereby is enjoined from taking any action in derogation of the rights plaintiff has under the existing distributorship agreement until seven days after the Circuit Court of Milwaukee County has notified counsel for all the parties that this case has been received on remand.

IT IS FURTHER ORDERED that the parties shall bear their own costs with respect to the proceedings had in this court.