Carlos **CARRERAS ROENA** et al., Plaintiffs,

v.

**CAMARA de COMERCIANTES MAYORISTAS, INC.,** et al., Defendants.

Civ. No. 76–812.

United States District Court, D. Puerto Rico.

Nov. 5, 1976.

Rafael Carreras Valle, Rio Piedras, P. R., for plaintiffs.

Benjamín Rodríguez Ramón, Hato Rey, P. R., Mario L. Paniagua, Asst. Sol. Gen., Dept. of Justice, San Juan, P. R., for defendants.

## MEMORANDUM OPINION AND PARTIAL JUDGMENT

PESQUERA, District Judge.

On July 6, 1976, a complaint was filed in the instant case against the above captioned defendants, alleging deprivations of certain constitutional rights. This Court's jurisdiction is invoked under 42 U.S.C. §§ 1981, 1983, 1985 and 28 U.S.C. §§ 1331, 1343(3) and 1443.

Plaintiff named the Commonwealth of Puerto Rico as a codefendant in the present case. This defendant has filed a motion to dismiss based on the Eleventh Amendment of the Constitution of the United States which grants the states immunity from being sued in federal courts unless they waive such immunity.[1]

Jurisdiction seems to be argued by plaintiff on the basis of 28 U.S.C. §§ 1343 and 1443. Title 42 U.S.C. §§ 1983 and 1985 create certain causes of action and 28 U.S.C. § 1343 grants original jurisdiction to the federal district courts to entertain such actions. A fortiori, without the jurisdictional grant of 28 U.S.C. § 1343, this Court is precluded from considering actions arising pursuant to 42 U.S.C. §§ 1981, 1983 and 1985. See *Freeman and Bass, P. A. v. State of N.J. Commission of Investigation*, 359 F.Supp. 1053 (D.C.N.J.1973); *State ex rel Bruce v. Larkin*, 346 F.Supp. 1065 (D.C.Wis. 1972); *McClellan v. University Heights, Inc.*, 338 F.Supp. 374 (D.C.R.I.1972).

The "State" of Puerto Rico is not a "person" within the meaning of 42 U.S.C. 1983, 1985 and thus 28 U.S.C. 1343 does not make it amenable to suit. It has been firmly established that a state is not a proper party defendant under the afore-

---

1. See *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 and *Salkin v. Commonwealth*, 408 F.2d 682.

mentioned sections, since it is not a "person" within the meaning of such sections. *Sykes v. State of California,* 497 F.2d 197 and a legion of other cases support this point. Moreover, it has also been held on numerous occasions that Puerto Rico possesses the attributes of sovereignty possessed by the states, immunity from suit without consent being one of them. *Toa Baja Development Corp. v. Garcia Santiago,* 312 F.Supp. 899 and many other cases reaffirm such reasoning.

■ Plaintiff also contends that Puerto Rico is amenable to suit pursuant to 28 U.S.C. 1443.[2] This section, again, is not the fountainhead of a cause of action, but a jurisdictional source for the removal of certain cases from the state courts to the federal district courts. This is not the case here. Obviously, for that section to operate, a pre-existent case in the state courts is necessary and then, that one of the statutory conditions for removal exists. Thus, this section grants a right of removing to the federal district court to a person who claims that he has been denied or cannot enforce in the state court a right under any law providing for the equal civil rights of the citizens of the United States. See *Levitt & Sons, Inc. v. Prince George County Congress of Racial Equality,* 221 F.Supp. 541 (D.C.Ind.1963).

Section 1443 is not a substantive source of jurisdiction over the states, as it could not be, in view of the absolute prohibition of the Eleventh Amendment of the Constitution.

■ The above leads us to face plaintiff's contention that jurisdiction exists over Puerto Rico under 28 U.S.C. 1331 because the "person" requirements of 42 U.S.C. 1983 do not apply to Section 1331, *supra.*

It seems to us that the Eleventh Amendment is being relegated to a minor position, which it certainly does not have. Title 28 U.S.C. 1331 cannot permit what the Constitution of the United States expressly forbids.

The Eleventh Amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

Thus it has been held that a state cannot be sued in a federal district court by one of its citizens pursuant to 28 U.S.C. 1331, upon a suggestion that the case is one that arises under the Constitution or laws of the United States. *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *North Carolina v. Temple,* 134 U.S. 22, 10 S.Ct. 509, 33 L.Ed. 849 (1890) and subsequent cases.

It has been previously held that the principle embodied by the Eleventh Amendment—that a sovereign cannot be sued in its own courts or in any other without its previous consent or permission—is fully applicable to Puerto Rico. *Ursulich v. Puerto Rico National Guard,* 384 F.Supp. 736 (D.C. P.R.1974). Thus, unless we find that Puerto Rico has consented to be sued in the instant case, said party is not within the jurisdiction of this Court.

The record of this case shows that this codefendant has at all times disclaimed any suggestion of a consent to be sued. It has in fact moved for the dismissal of the complaint based precisely on the grounds of non-consent to be sued. (See Motion to Dismiss, filed on August 20, 1976).

The courts have been very cautious in finding a state to have waived its sovereign

---

**2.** This section provides:

   Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: ·

   (1) Against any person who is denied or cannot enforce in the courts of such State a

right under any law providing for the equal civil rights of citizens of the United States or of all persons within the jurisdiction thereof;

   (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

immunity. Thus, a *clear showing* of said waiver must be had before the state is submitted to the court's jurisdiction. *Parden v. Terminal Ry. of Alabama State Docks Dept.*, 311 F.2d 727 (C.A.Ala.1963) reversed on other grounds, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233. See also *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), rehearing denied, 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed. 777; *Cancel v. San Juan Const. Co., Inc.*, 387 F.Supp. 916 (D.C.P.R.1974).

■ Plaintiff, in a desperate attempt to keep Puerto Rico in the present case, grasps Act. No. 9 of November 26, 1975 wherein the Puerto Rico Legislative Assembly provided that any public officer sued in his personal capacity in an action to recover damages when such claim is based on the alleged violation of plaintiff's constitutional rights may request the Commonwealth of Puerto Rico to provide him with legal assistance and to subsequently assume the duty to pay any money judgment rendered against said officer.

Plaintiff, invoking said act, argues that this is not properly a suit against a state, but that Puerto Rico is merely included as "a party of record . . . so that Puerto Rico may be aware that it is its duty to assume any economic responsability (sic) arising from indemnities imposed by the Court with jurisdiction when this is the result of an administrative action taken". (See plaintiff's motion to deny exclusion of Puerto Rico as codefendant, filed on September 9, 1976). Plaintiff further states: "Therefore, the Eleventh Amendment . . is not binding in this case as the Commonwealth of Puerto Rico expressly gives its consent to serve as attorney in law and to be responsible for any liability arising from any wrongdoing action concerning any functionary or public employee . . .".

We cannot agree with plaintiff's interpretations of that act. Initially, Act No. 9, *supra*, clearly provides that the same ". . . shall not be construed under any circumstance as making the State an insurer of the aforementioned public officers, nor that it constitutes a waiver of the sov-

ereign immunity of the Commonwealth". (Article 12, paragraph (3), our translation, emphasis added)

Secondly, the act does not provide that the government will assume the representation and financial responsibility in *every* case where a public officer is sued in a civil rights case.

A mere reading of that act makes it patently clear that the government is not thereby consenting to be sued, much less in the federal courts. Thus, we cannot conclude, as plaintiff would like us to, that in enacting said statute the government has consented to be sued or has waived its sovereign immunity in cases like the present one. Accordingly, under the Eleventh Amendment, Puerto Rico cannot be sued and included in the present action under the guise of "a party of record".

WHEREFORE, in view of the foregoing, defendant's motion to dismiss is hereby granted; and there being no just reason for delay for entering a final judgment on plaintiff's claim against codefendant Commonwealth of Puerto Rico, it is ORDERED, ADJUDGED and DECREED that the complaint be and it is hereby dismissed as to codefendant Commonwealth of Puerto Rico.